[No. 37251. Department Two. March 11, 1965.]

H. DUANE HARVEY et al., *Appellants*, v. CHARLES F. CLEMAN, *Defendant*, ALLSTATE INSURANCE COMPANY, *Garnishee Defendant*.

STANDARD DISCOUNT CORPORATION, *Respondent*, v. HARRY J. SEUNG et al., *Defendants*, ALLSTATE INSURANCE COMPANY, *Garnishee Defendant*.*

*Reported in 400 P. (2d) 87.

*Lee R. McNair*, for appellants.

*Lester Kleinberg, Jr.* (of *Kleinberg, Young & Hoff*), for respondent.

WEAVER, J.—This appeal involves the validity of an assignment of a cause of action sounding in tort. It requires an interpretation of § 1, chapter 137, Laws of 1961 (RCW 4.20.046)—the survival of causes of action—and its application to the facts of the instant case, which are as follows:

(1) October 20, 1961, H. Duane Harvey had pending an action against Charles F. Cleman for personal injuries and special damages; Standard Discount Corporation had a separate suit pending against Harvey. Lee R. McNair, Harvey's attorney, filed a Notice of Attorney's Lien in Har-

vey's action against Cleman; and Harvey executed assignments to McNair and Carl D. Plochowietz, as security for indebtedness allegedly then owed by Harvey to McNair and Plochowietz.

(2) October 23, 1961, a jury awarded Harvey $7,800 in his action against Cleman (the verdict is not in the record); judgment was entered November 20, 1961.

(3) November 27, 1961, Standard Discount had a writ of garnishment served on Allstate Insurance Company, Cleman's insurer.

(4) November 28, 1961, Harvey garnished Allstate.

(5) June 15, 1962, judgment was entered in favor of Standard Discount in its action against Harvey.

(6) August 20, 1962, Standard Discount levied execution upon Harvey's right to receive proceeds from his judgment against Cleman and purchased Harvey's interest in the judgment at a sheriff's sale on September 10, 1962.

(7) October 18, 1962, Allstate Insurance paid $7,500 into court in full satisfaction of the $7,800 judgment in favor of Harvey against Cleman.

(8) The trial court held McNair's attorney's lien, which amounted to $3,087, superior to any claim of Standard Discount. There is no appeal from this part of the court's decision.

(9) The trial court held that the assignment by Harvey to McNair and Plochowietz was "invalid against and inferior to the claims of Standard Discount" and that therefore Standard Discount was entitled to $4,413, the amount being determined by subtracting from the amount Allstate Insurance had paid into court ($7,500) the amount of McNair's attorney's lien ($3,087).

The test of assignability in this jurisdiction is whether the cause of action survives to the personal representative of the assignor. If it does, the cause of action is assignable. The reason, or lack of reason, for the rule is discussed in *Cooper v. Runnels*, 48 Wn. (2d) 108, 291 P. (2d) 657, 57 A.L.R. (2d) 597 (1955), and in an extensive annotation thereto at page 603 by W. W. Allen, entitled "Assignability of claim in tort for damage to personal prop-

erty." Although appellants McNair and Plochowietz dub it an "archaic and oft criticized rule," it is, nevertheless, the rule of this jurisdiction. No reason has been advanced why it should be abandoned in the absence of legislative direction.

■ The time-honored approach when called upon to interpret a statute which replaces another is to consider (a) the law under the previous statute and the problems presented and (b) the new statute and the extent to which it remedied the problems.

Laws of 1869, § 659 (Code of 1881 § 718; RCW 4.20.040) provided that:

"All other causes of action [than those enumerated in a section involving a right of action for wrongful death] by one person against another, whether arising on contract or otherwise, survive to the personal representatives of the former and against the personal representatives of the latter. . . ."

In a number of decisions commencing with *Slauson v. Schwabacher Bros. & Co.*, 4 Wash. 783, 31 Pac. 329 (1892) (the cases are collected in *Cooper v. Runnels, supra*), this court interpreted the statute to mean that only those causes of action which survived at the common law survived in this state. These decisions prompted one legal commentator to observe that they furnished ". . . as neat an example of judicial legislation as can readily be brought to mind . . ." Richards, "Survival of Actions" 28 Wash. L. Rev. 201 (1953).

Our former decisions caused the Judicial Council of this state to make an intensive study of the problem of the survival of causes of action. The council's study resulted in the following comment in its Seventeenth Report (Biennial), p. 9, submitted to the state legislature, January, 1961:

"The problem of survival of actions in this State has been a vexing one. Starting with a legislative expression that all causes of action should survive we have by subsequent court decision and legislation reached a point where all but a very few causes of action survive. It is, however, difficult to determine which of these few causes survive without litigation. See, for example, Cooper v. Runnels,

48 Wn. 2d 108, 291 P. 2d 657 (1955), Mickelson v. Williams, 154 Wash. Dec. 296, 340 P. 2d 770 (1959) [54 Wn. (2d) 293] and Richards, Survival of Actions—Torts—Death of the Tortfeasor, 28 Wash. Law Review 201 (1953). The only objection to permitting all causes of action to survive the death of either party appears to be a fear that such legislation would have a serious effect upon insurance rates. The Council doubts the validity of this argument. But, even if it be true, the Council feels that the humanitarian aspects of permitting survival of the remaining actions which do not survive far outweighs the fear of the insurance companies that they may have to increase their rates. The proposal also deals with and covers the community property aspects of survival questions."

The council recommended to the legislature that it repeal RCW 4.20.040 under which our prior cases were decided and substitute the following:

"*All causes of action* by a person or persons against another person or persons *shall survive* to the personal representatives of the former and against the personal representatives of the latter, whether such actions arise on contract or *otherwise, and whether or not such actions would have survived at the common law or prior to the date of enactment of this act. . . .*" (Italics ours.) (Now RCW 4.20.046)

The legislature repealed RCW 4.20.040 and adopted the council's recommendation, but amended it by adding:

". . . *Provided, however,* That no personal representative shall be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased. . . ." (RCW 4.20.046)

It would appear that Laws of 1961, chapter 137, § 1 (RCW 4.20.046) as set forth above effectively changes the law of survival of actions (and their assignability), although the objective of the Judicial Council was accomplished only in part.

■   In unequivocal language the legislature has established that *all* causes of action survive, provided, however, that there can be *no recovery* by a personal representative of damages for "pain and suffering, anxiety, emotional distress or humiliation personal to and suffered by a deceased."

Any other element of damage, except those enumerated, would appear to survive and thus be assignable.

■ The first contention of appellants McNair and Plochowietz is that there was no assignment of the cause of action itself, but rather there was only an assignment of a right to receive a certain portion of the proceeds of any recovery. Appellants argue that there is a distinction between *the right to assign the cause of action* and *the right to assign the proceeds from the cause of action.* Although there appears to be a small number of cases from other jurisdictions which draw this distinction (see 40 A.L.R. (2d) 500 at pages 512 and 513), we cannot accept it because, as one court called it, ". . . At best this is a distinction without a difference. . . ." *Grossman v. Schlosser*, 39 Misc. (2d) 473, 240 N.Y.S. (2d) 854, 855 (1963).

■ Second, appellants argue that if actions for pain and suffering do not survive, then the jury verdict rendered in favor of Harvey should be construed as including no damages for pain and suffering. Harvey's complaint against Cleman contains three claims for relief: the first, for personal injuries which consisted of "a severe twisting, wrenching, and stretching of his lumbar and cervical vertebrae, a broken jaw, a laceration of plaintiff's chin, abrasions and contusions of both lower extremities which have resulted in permanent scars" for which he requested $43,756; the second, for medical expenses in the approximate amount of $1,026.92 and $1,000 future medical expenses; and the third, for $485 damage to clothing and glasses, for $15,000 for three months' loss of wages, and for $2,500 for future loss of wages. The jury returned a verdict for Harvey in the sum of $7,800.

The trial judge, who tried both *Harvey v. Cleman* and the instant case, remarked that ". . . I am satisfied that the general verdict reflected pain and suffering rather than reflecting any loss of earnings or rather than reflecting any substantial medical expense." Accordingly, he held that the verdict included an award for pain and suffering.

The general rule is stated in Restatement, Contracts § 547:

"An assignment of a claim against a third person . . . is illegal and ineffective if the claim is for

" . . .

" (d) damages for an injury *the gist of which is to the person rather than to property*, unless the claim has been reduced to judgment." (Italics ours.)

We believe it is abundantly clear (as did the trial court) that the *gist* of Harvey's action against Cleman is for pain and suffering. In the absence of a segregation by the jury of its $7,800 verdict, Harvey's statement of claim has sufficient attributes to place it under the proviso of RCW 4.20.046 so that there could be no recovery by a personal representative; hence the attempted assignment is of no effect.

■ Next appellants argue that even if the assignments to McNair and Plochowietz were invalid at the time the assignments were made, the assignments became valid automatically upon the entry of judgment. We do not believe that this "in-the-nature-of-after-acquired-title" argument has merit. See *Goldfarb v. Reicher,* 112 N.J.L. 413, 171 Atl. 149 (1934).

■ Finally, appellants urge that even if the assignments were invalid, appellants would still be entitled to the money because Standard Discount's garnishment was held by the court to be invalid. However, appellants have cited no authority for this assignment of error and thus an assignment which is not supported by cited authority will not be considered unless it appears on its face that the assignment is well taken. *Frey v. Kent City Nursing Home, Inc.,* 62 Wn. (2d) 953, 385 P. (2d) 323 (1963).

For the reasons stated, the judgment is affirmed.

DONWORTH, OTT, and HAMILTON, JJ., and CUSHING, J. Pro Tem., concur.