[No. 37692. Department One. December 16, 1965.]

J. E. BENCH et al., Appellants, v. STATE AUTOMOBILE AND CASUALTY UNDERWRITERS, INC., Respondent.*

*Howard T. Manion* (of *Whitmore, Vinton, Powers & Manion*), for appellants.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Frederick V. Betts*, for respondent.

PER CURIAM.—The plaintiffs having assigned their cause of action against the defendant to a third party, the trial judge dismissed the action because it was not prosecuted in the name of the real party in interest, as required by RCW 4.08.010 and Rule of Pleading, Practice and Procedure 17(a).[1] The plaintiffs appeal.

Their contentions and the answers thereto are as follows:

A. That the cause of action was not assignable so there could be no valid assignment.

No apposite authority is cited, and the position is clearly untenable. See *Harvey v. Cleman*, 65 Wn.2d 853, 400 P.2d 87 (1965).

*Reported in 408 P.2d 899.

---

[1] "Rule 17 Parties plaintiff and defendant; Capacity. (a) *Real Party in Interest*. Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought."

B. That the trial court should have received evidence that the assignment was not what it purported to be, but was a security device.

No evidence was offered, except in affidavit form, and that the trial court properly rejected. It is argued at length that the parol evidence rule did not bar the admission of testimony that the assignment was other than what it purported to be, *i.e.*, that it was in fact a security device. The argument begs the point. The trial court, while it refused to consider affidavits of one of the plaintiffs and their assignee, did indicate its willingness to hear any testimony that plaintiffs had to offer as to what the parties to the assignment intended thereby,[2] but none was presented.

C. The plaintiffs should be allowed to prosecute the action as trustees of an express trust, or as persons authorized by statute, who may sue without joining the person for whose benefit suit is brought. This is based on the exception stated in Rule of Pleading, Practice and Procedure 17 (a) (see note 1).

This is entirely without merit. We are cited to no such statute and there is a complete lack of any evidence of the existence of an express trust.

For the reasons heretofore indicated, the judgment of dismissal entered by the trial court should be, and it is, affirmed.

*Reported in 409 P.2d 650.

[2] At the morning session on the day of trial, after the issue of whether the plaintiffs were the real parties in interest was raised, the plaintiffs' counsel was advised that the affidavits of the parties to the assignment would not be considered.

"[Counsel] . . . It could be we only have these affidavits which recite the explanation of the arrangement.

[The court] I do not believe I can consider those affidavits in this hearing as evidence."

After the noon recess, the trial court was again asked to consider the affidavits and responded:

"You request me to consider the affidavits. No. This is the trial of the case. I will hear all matters anybody wants to introduce limited to this question."

Later the trial court said:

"We do not try cases on affidavits. I will hear any other testimony."