[No. 39423.    Department One.    October 30, 1969.]

B. GRAY WARNER, *Individually and as Administrator, et al.,*
*Appellants,* v. CHARLES A. MCCAUGHAN *et al.,*
*Respondents.*\*

*Schroeter, Jackson, Talbot & Smith,* by *Leonard W. Schroeter* and *Chas. H. W. Talbot,* for appellants.

*Williams, Lanza, Kastner & Gibbs,* by *Joseph J. Lanza* and *Merrick, Burgess & Hofstedt,* by *Robert C. Keating,* for respondents.

*J. Murray Kleist, John E. McCluskey,* and *Arthur E. Piehler,* amici curiae.

\*Reported in 460 P.2d 272.

WEAVER, J.—This is an action for damages arising from the death of Captola Warner. The action is brought by her parents, individually, and by her father, as the administrator of her estate. It is based upon the alleged negligence of defendant doctor for an improper diagnosis, improper care by defendant hospital, and the use of improper and unsafe drugs furnished by the defendant pharmaceutical corporations.

The complaint prays for damages:

(1) for medical, hospital, funeral and burial expenses;

(2) for damages to the decedent and her estate;

(3) for damages to plaintiffs, decedent's parents.

The two latter claims for damages are alleged to be $100,000 each.

It is apparent that "damages to the decedent and her estate" is a cause of action that may survive to her personal representative by our survival statutes; and that "damages to plaintiffs, decedent's parents," is a cause of action that may exist by statutes creating a claim for wrongful death.

■ There is a definite distinction between these two claims for damages. The first is dependent upon the "survival statutes." In certain circumstances, the statutes continue the injured person's claim after death as an asset of his estate.

The second claim for damages springs from the wrongful-death statutes which create a new cause of action for the benefit of decedent's heirs or next of kin, in accordance with the terms of the statute, based upon the death itself. Although originating in the same wrongful act, the wrongful-death action is for the alleged wrong to the statutory beneficiary. The estate of decedent does not benefit by the action; the claim of damages for the wrongful death is not one that belonged to decedent. *Gray v. Goodson,* 61 Wn.2d 319, 378 P.2d 413 (1963), quoting *Maciejczak v. Bartell,* 187 Wash. 113, 60 P.2d 31 (1936).

The crux of the complaint is paragraphs 14, 15, and 16:

XIV. As a consequence of the aforementioned negligence and breach of warranty on the part of the defend-

ants, individually, jointly and severally, the decedent sustained enormous [1] conscious pain and suffering and [2] disability in consequence of a medical condition resulting from said negligence and breach of warranty, and the said medical condition proximately resulted in the decedent's death. As a consequence of said death, the [3] decedent's Estate and the decedent's parents sustained burial and funeral expenses in an amount now unknown, but which will be proved at the time of trial. As a consequence of the negligence and breach of warranty, of the defendants as above alleged, [4] the decedent's Estate and the decedent's parents sustained substantial and necessary medical and hospital expenses in an amount now unknown but which will be proved at the time of trial. [numbering supplied].

XV. As a proximate result of the negligence and breach of warranty of the defendants as above alleged, the decedent's estate has sustained general damages as above alleged and at an amount now unknown, but which will be proved at the time of trial and which for the purpose of this pleading will be stated at One Hundred Thousand ($100,000.00) Dollars.

XVI. As a direct and proximate result of the negligence and breach of warranty of the defendants as above alleged, the plaintiffs', decedent's parents, have sustained enormous personal damage in an amount now unknown, but which will be proved at the time of trial and which for the purpose of this pleading will be stated as One Hundred Thousand ($100,000.00) Dollars.

Defendants moved to dismiss the action on the ground that the complaint failed to state a claim upon which relief could be granted. September 19, 1966, the trial judge filed a written memorandum opinion in which he concluded

that under the pertinent statutes regarding the survival of claims, all of the claims set forth in Paragraphs XIV, XV, and XVI, except the last sentence in Paragraph XIV survive only as to named beneficiaries; . . .

October 28, 1966, the court entered an order dismissing certain claims for relief. The order provides:

that on the following claims for relief made by plaintiffs, final judgment be, and it hereby is, entered in favor of defendants and against plaintiffs with respect thereto:

Claim 1, Paragraph XIV, Decedent's Pain and Suffering;
*Claim 2, Paragraph XIV, Burial Expenses of Decedent*
[Italicized words crossed out and initialed by the trial judge];
Claim 4, Paragraph XV, General Damages to the Estate;
Claim 5, Paraph XVI, General Damages to the Parents.

It appears, therefore, that the only claim for damages stricken from paragraph 14 is for decedent's pain and suffering. It leaves standing the claims arising from decedent's "disability in consequence of a medical condition"; burial and funeral expenses; and medical and hospital expenses. These we numbered 2, 3, and 4 in paragraph 14, quoted *supra*.

Paragraph 15 claims general damages to decedent's estate *"as above alleged."* (Italics ours.) This, obviously, refers to those well-pleaded allegations of paragraph 14 left standing by the trial court's order. It was, therefore, error for the trial court to enter judgment in favor of defendants on paragraph 15 of the complaint.

In paragraph 16, decedent's parents claim damages personal to them by reason of their daughter's death.

Plaintiffs appeal from the order of October 28, 1966.[1]

## I.

At common law, an action for damages founded upon tort for unliquidated damages abated on the death of the person injured and did not survive the death of the wrongdoer. *Jones v. Miller*, 35 Wash. 499, 77 P. 811 (1904); *Bortle v. Osborne*, 155 Wash. 585, 285 P. 425, 67 A.L.R. 1152 (1930); *Compton v. Evans*, 200 Wash. 125, 93 P.2d 341 (1939); *Boyd v. Sibold*, 7 Wn.2d 279, 109 P.2d 535 (1941).

From the rules of common law to present-day theory of survival of actions for damages to person and property and wrongful death has been a long and tedious legislative and judicial journey.

---

[1]Subsequent to appeal, certain motions were filed in this court. Argued upon a motion day, they were "Passed to the Merits." We have considered the motions, and find them without merit, except the motion to amend the notice of appeal. We discuss them no further.

We have surveyed the historical background of these legislative and judicial routes in a number of recent decisions. *Cooper v. Runnels,* 48 Wn.2d 108, 291 P.2d 657, 57 A.L.R.2d 597 (1955) (See annotation 57 A.L.R.2d at 603); *Harvey v. Cleman,* 65 Wn.2d 853, 400 P.2d 87 (1965); *Armijo v. Wesselius,* 73 Wn.2d 716, 440 P.2d 471 (1968). It would serve no useful purpose to repeat our prior discussions.

■ Our present survival statute was passed in 1961. Laws of 1961, ch. 137, p. 1681. It provides:

> (1) All causes of action by a person or persons against another person or persons shall survive to the personal representatives of the former and against the personal representatives of the latter, whether such actions arise on contract or otherwise and whether or not such actions would have survived at the common law or prior to the date of enactment of this section: *Provided, however,* That no personal representative shall be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased. [RCW 4.20.046.]

Of this statute, we said in *Harvey v. Cleman, supra:*

> In unequivocal language the legislature has established that *all* causes of action survive, provided, however, that there can be *no recovery* by a personal representative of damages for "pain and suffering, anxiety, emotional distress or humiliation personal to and suffered by a deceased." Any other element of damage, except those enumerated, would appear to survive and thus be assignable.

We believe it apparent that the legislature sought to wipe out the approach to the law that prompted Dean Prosser to write:

> The result was that it was more profitable for the defendant to kill the plaintiff than to scratch him, and that the most grievous of all injuries left the bereaved family of the victim, who frequently were destitute, without a remedy. [W. Prosser, The Law of Torts, § 121, p. 924 (3d ed. 1964).]

It is urged that the proviso of RCW 4.20.046, *supra,* excludes all items of damage thought to be personal to a decedent, *i.e.,* permanent injuries, shortened life expect-

ancy, and impaired earning capacity, not just those items expressly excluded by the proviso—pain and suffering, anxiety, emotional distress, or humiliation. We do not agree.

In discussing the proper damages under a survival statute similar to RCW 4.20.046, the court said in *Hudson v. Lazarus*, 217 F.2d 344, 348 (D.C. Cir. 1954):

We think a disability is not, in itself, "pain and suffering". It is not within the ordinary meaning of those words and we see no reason to think Congress used the words in a special sense. A disabled man may or may not suffer pain. Even if he does, after his death his administrator cannot recover for his pain and suffering. But in our opinion his administrator may recover for his disabilities.

(3) Permanent loss of earning power is usually the chief economic harm caused by a permanent injury. If Hudson in his lifetime had recovered judgment in this action, his damages would have included an allowance for prospective loss of earnings during his normal life expectancy, discounted to present worth, and with such other adjustments as the facts may require. When he died his right to these damages passed under the Survival Act to his administratrix, the present appellant, for the Act provides that the injured person's right of action for physical injury "shall survive * * * except for pain and suffering".

. . .

. . . the District of Columbia Code does not create the injured person's claim. His claim, which (except for "pain and suffering") survives, is the broad common-law claim for physical injury.

Since the claimed injuries to decedent are alleged to have occasioned her death, we must consider RCW 4.20.060:

*No action for a personal injury to any person occasioning his death shall abate,* nor shall such right of action determine, by reason of such death, if he have a wife or child living, or leaving no wife or issue, if he have dependent upon him for support and resident within the United States at the time of his death, parents, sisters or minor brothers; but such action may be prosecuted, or commenced and prosecuted, by the executor or administrator of the deceased, in favor of such wife, or in favor

of the wife and children, or if no wife, in favor of such child or children, or if no wife or child, or children, then in favor of his parents, sisters or minor brothers who may be dependent upon him for support, and resident in the United States at the time of his death. [Italics ours.]

This statute was enacted in its present form in 1927. Laws of 1927, ch. 156, § 1, p. 143. We note that it is a survival statute of actions for personal injury occasioning death, it is not a statute creating a cause of action in certain beneficiaries. It must be considered in the light of Laws of 1869, § 659 (Code of 1881, § 718, p. 150) (RCW 4.20.040) and the decisions construing this statute prior to the repeal of RCW 4.20.040 and the substitution of RCW 4.20.046, *supra.*

When projected against this backdrop, we believe it apparent that RCW 4.20.060 does not impair the efficacy of RCW 4.20.046; for we are convinced that the "legislature was intent in preserving causes of action, rather than pleas of abatement" when it adopted RCW 4.20.046 in 1961. *Engen v. Arnold,* 61 Wn.2d 641, 644, 379 P.2d 990 (1963). It is manifest from the history of the 1961 act, discussed in *Harvey v. Cleman,* 65 Wn.2d 853, 400 P.2d 87 (1965), that the legislature intended to correct the archaic state of the law of this jurisdiction.

We are of the opinion that under RCW 4.20.046 plaintiff administrator is entitled to maintain an action for damages upon the claims alleged in paragraphs 14 and 15, except those set forth in the proviso of the statute.

## II.

■ In opposition to defendants' motions to dismiss, decedent's father filed an affidavit in which it appears that (a) decedent was born May 6, 1943, (b) she died September 25, 1964, being over the age of 21 at the time of her death); (c) she was a senior at the University of Montana, expected to be graduated in June, 1965; a year after graduation, she expected to enter law school and then join her father's law firm; she was financially dependent upon her

parents; she did not contribute financially to the support of anyone.

Paragraph 16 of the complaint purports to state a claim for damages by decedent's parents for her wrongful death, based upon our wrongful-death statutes, which are set forth in the margin.[2] A discussion of the nature and purpose of the statutes appears in *Gray v. Goodson*, 61 Wn.2d 319, 378 P.2d 413 (1963), and *Armijo v. Wesselius*, 73 Wn.2d 716, 440 P.2d 471 (1968).

The statutes create the right of action and define those entitled to their benefits. The requirement of beneficiary status is express; the condition precedent to status is dependency. Plaintiffs do not meet this test.

The trial court did not err when it entered judgment for defendants upon plaintiffs' claim set forth in paragraph 16 of the complaint.

In conclusion: the judgment of the trial court is affirmed, except as modified in part I of this opinion. The case is remanded to the superior court for further proceedings not

---

[2]"RCW 4.20.010—*Right of action*. When the death of a person is caused by the wrongful act, neglect or default of another *his personal representative may maintain an action for damages against the person causing the death;* and although the death shall have been caused under such circumstances as amount, in law, to a felony." (Italics ours.)

"RCW 4.20.020—*Beneficiaries of action*. Every such action shall be for the benefit of the wife, husband, child or children of the person whose death shall have been so caused. If there be no wife or husband or child or children, such action may be maintained for the benefit of the parents, sisters or minor brothers, *who may be dependent upon the deceased person for support,* and who are resident within the United States at the time of his death.

"In every such action the jury may give such damages as, under all circumstances of the case, may to them seem just." (Italics ours.)

"RCW 4.24.010—*Action for injury or death of child*. A father, or in case of his death or desertion of his family, the mother may maintain an action as plaintiff for the injury or death of a *minor* child, or a child *on whom either is dependent for support,* and the mother for the injury or death of an illegitimate minor child, or an illegitimate child on whom she is dependent for support." (Italics ours.)

inconsistent with this opinion. Costs of this appeal will abide final disposition of the cause.

It is so ordered.

HUNTER, C. J., FINLEY and HAMILTON, JJ., and DONWORTH, J. Pro Tem., concur.

January 6, 1970. Petition for rehearing denied.