[No. 8972-2-I.   Division One.   April 19, 1982.]

DEBORAH G. BROWN, *Appellant,* v. FARMERS
INSURANCE GROUP, *Respondent.*

*John D. Pappas* and *Jeff T. Broihier,* for appellant.

*McCush, Kingsbury, O'Connor, Ludwigson, Thompson &
Hayes, James Thompson,* and *Martha Gross,* for respondent.

JAMES, J.—Plaintiff Deborah Brown appeals from a summary judgment in favor of her automobile insurer, Farmers Insurance Group (Farmers), in a declaratory judgment action. We affirm.

In October 1977, a car driven by Brown collided with a riderless horse on a county road. Brown thereafter filed a

complaint for declaratory relief, alleging that the "uninsured motorist" provisions of her insurance policy afforded coverage for the accident.

By its contract with Brown, Farmers promised to pay

all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured vehicle . . . sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured vehicle; . . .

Brown's argument at trial and on appeal is that the riderless horse was a "vehicle" as defined by the following policy provision:

"Vehicle" means every device in, upon or by which any person or property is or may be transported or drawn upon a public highway, but does not include devices moved by human power or used exclusively upon stationary rails or tracks.

The trial judge ruled that a horse was not a "vehicle." We agree.

Brown argues that the word "device" is synonymous with "means" in this context, although she cites no authority in support of her contention. The authorities we find define "device" as something mechanical, invented, or contrived. *E.g., Webster's Third New International Dictionary* (3d ed. 1969); 1 *The Shorter Oxford English Dictionary* (3d ed. 1973); Black's Law Dictionary (4th rev. ed. 1968). Terms in an insurance contract should be understood in their plain, ordinary, and popular sense. *Pacific Indem. Co. v. Bloedel Timberlands Dev., Inc.,* 28 Wn. App. 466, 624 P.2d 734 (1981). A horse is not a "device" in any plain, ordinary, or popular sense of that word.

Other policy provisions are clearly inconsistent with Brown's contention and demonstrate that "device" refers only to motor vehicles. As a condition of coverage, the insured may be required to file suit "against the uninsured *motorist*". The limits of liability are those "required by the *motor vehicle* financial responsibility law" of Oregon. An "uninsured vehicle" is a vehicle as to which there is, "in at

least the amounts specified by the Oregon *motor vehicle* financial responsibility law, no collectible *automobile* bodily injury liability insurance" applicable. The insurer is subrogated to the insured's rights in any settlement with "any uninsured *motorist* legally responsible" for the injury. (Italics ours.)

Nor is Brown's position supported by the public policy behind "uninsured motorist" provisions. Such provisions are designed to provide a protection against negligent and insolvent motor vehicle drivers. *Touchette v. Northwestern Mut. Ins. Co.,* 80 Wn.2d 327, 494 P.2d 479 (1972); *Finney v. Farmers Ins. Co.,* 21 Wn. App. 601, 586 P.2d 519 (1978), *aff'd,* 92 Wn.2d 748, 600 P.2d 1272 (1979); *Solesski v. Oregon Auto. Ins. Co.,* 11 Wn. App. 850, 526 P.2d 68 (1974); *Signal Ins. Co. v. Walden,* 10 Wn. App. 350, 517 P.2d 611 (1973). *See* RCW 48.22.020–.030. Brown's damages arise neither from an uninsured motorist's negligence nor from a motor vehicle. Language in *Rosenbaum v. Safeco Ins. Co. of Am.,* 432 S.W.2d 45, 47 (Ky. 1968), is apposite. There, plaintiff contended that "uninsured motorist" provisions of his policy covered a collision between his car and a horse-drawn farm wagon operated on a public highway. The court rejected his contention, observing that

> the primary inducement for "uninsured motorist" coverage is the providing of protection in the situation where injury is inflicted by a vehicle of a type on which liability insurance customarily is carried. In other words, the idea is that a person can buy, from his own insurer, protection against the failure of the other fellow to carry normal liability coverage. Surely there has not been much concern about insuring oneself against the failure of other people to carry insurance on things which normally are not insured.

The owner of a horse may carry insurance—but not automobile insurance—against such equine depredations. But it is the absence of automobile insurance at which the policy provisions and statutes are directed.

The judgment is affirmed.

SWANSON and CALLOW, JJ., concur.