110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jim DIXON, as guardian ad litem for Chris STAFFORD; and Jim
Stafford, Plaintiffs-Appellants,
v.
Carl Byron BENJAMIN; Western Diocese of the Polish National
Catholic Church, Defendants-Appellees,
and
the National Polish Catholic Church of Pe Ell; the National
Polish Catholic Church of America, Defendants.
 No. 95-36218.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1997.*
Decided March 31, 1997.
 
 Before: WRIGHT, WALLACE and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jim Dixon, as guardian ad litem for Chris Stafford (now deceased), and James Stafford, Chris's father ("Appellants"), filed suit against Father Benjamin, the National Polish Catholic Church, and its parent organizations ("Appellees"). Appellants allege that Father Benjamin, while acting as a caregiver licensed and paid by the state of Washington, committed tortious acts against Chris, including rape, indecent liberties, assault, and intentional infliction of emotional distress, resulting in damages to both Chris and his father. Appellants allege claims under 42 U.S.C. § 1983 and Washington state law. The district court granted summary judgment for defendants, finding that there was no genuine issue of material fact as to whether James Stafford was financially dependent upon his son and therefore concluding that Washington survivor law barred his claim. We affirm.
 
 
 3
 "[A] section 1983 claim that accrued before death survives the decedent when state law authorizes a survival action...." Smith v. City of Fontana, 818 F.2d 1411, 1416 (9th Cir.1987). Washington law provides:
 
 
 4
 All causes of action by a person or persons against another person or persons shall survive to the personal representatives of the former and against the personal representatives of the latter, ...: Provided, however, that the personal representative shall only be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased on behalf of those beneficiaries enumerated in RCW 4.20.020.
 
 
 5
 Wash.Rev.Code § 4.20.046(1).
 
 
 6
 Chris Stafford was not married and had no children; his father is his beneficiary. Under Washington law, however, a parent is a beneficiary only if "dependent upon the deceased person for support." Wash.Rev.Code § 4.20.020; Warner v. McCaughan, 460 P.2d 272, 276-77 (Wash.1969). Furthermore, Washington courts have interpreted "dependence" to mean substantial, financial dependence. See, e.g., Masunaga v. Gapasin, 790 P.2d 171, 173 (Wash.Ct.App.1990) ("Cases interpreting [the dependence] requirement ... have long held that dependence means financial dependence.... While a parent need not be wholly dependent in order to recover, dependence must be substantial.").
 
 
 7
 Appellants do not dispute the need to prove financial dependence; rather, they argue that there were triable issues of fact with respect to financial dependence. The record, however, forecloses that conclusion: James Stafford had his own business as a sculptor, averaging more than $20,000 in gross income per year; he claimed his son, Chris, as his dependent on his income tax returns; and he admitted in his deposition that he could work as a teacher as he had at times before, but that he chose to continue his artistic career because he wanted to be creative.
 
 
 8
 James Stafford cites to his deposition testimony that he took $90 per month from his son's Social Security checks, as well as about $2,700 total on four other occasions, and to his declaration attesting to his substantial dependence upon his son. But James Stafford's own deposition testimony and his tax returns show that he was not substantially financially dependent on his son. His declaration contradicting his deposition is insufficient to defeat summary judgment. See, e.g., Radobenko v. Automated Equip. Corp., 520 F.2d 540, 544 (9th Cir.1975). Therefore, Chris Stafford's § 1983 action does not survive to his father because the action would not survive under Washington state law,[1] and the district court correctly granted the motion for summary judgment and dismissed the remaining state-law claims.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 While the Staffords' complaint alleges damages for medical expenses and counseling bills, among other things, they offer no evidence of physical injury or medical expenses. In fact, James Stafford indicated in his deposition that he observed no physical damages to Chris and no medical personnel informed him of any either. Therefore, while a claim for medical and hospital expenses can survive a plaintiff's death without regard to damages suffered by a beneficiary, see Warner, 460 P.2d at 275, appellants have not presented any evidence of such damages here