27 P.3d 1223 (2001)
Patricia HATCH, Appellant,
v.
TACOMA POLICE DEPARTMENT and City of Tacoma, Respondents.
No. 26172-3-II.
Court of Appeals of Washington, Division 2.
July 27, 2001.
Jean P. Homan, Asst. City Atty., Tacoma, for respondents.
Thomas Douglas Dinwiddie, Dinwiddie & Landry, Tacoma, for appellant.
MORGAN, J.
Patricia Hatch (Hatch) claimed loss of consortium against the City of Tacoma. The City moved for dismissal under CR 12(b)(6), contending that no set of facts would warrant recovery. The trial court granted the motion, and Hatch appealed. We reverse in part and affirm in part.
On March 4, 1999, Hatch's husband, Gerald, allegedly was injured by the alleged negligence of City employees. He died on a date the record does not show.
On March 1, 2000, Hatch sued the City, claiming "her loss of society, companionship, consortium, support and income."[1] She alleged her husband had died, but she did not allege whether her loss occurred before or after his death. Nor did she allege that she was acting in any capacity other than her individual one.
On April 13, 2000, the City moved to dismiss "pursuant to CR 12(b)(6)."[2] On June 19, 2000, the trial court granted the motion, after which Hatch then filed this appeal.
Loss of consortium is the loss of the "society, affection, assistance and conjugal fellowship" of one's spouse.[3] The spouse who suffers bodily injury is generally referred to as the "impaired spouse," while the spouse who suffers the loss of services is referred to as the "deprived spouse."[4]
Applying this concept here, we address two questions. (1) Does Hatch have a claim for "loss of society, companionship, consortium, support and income" that occurred after her husband's death? (2) Does Hatch *1224 have a claim for "loss of society, companionship, consortium, support and income" that occurred before her husband's death? The first question deals with post-death damages, while the second deals with pre-death damages.

I.
As just stated, the first question is whether Hatch has a claim for post-death loss of consortium. At common law, no one could sue for post-death damages.[5] In Washington, however, the decedent's personal representative may do that on behalf of statutory beneficiaries.[6] Thus, RCW 4.20.010-.020 provide in part:
When the death of a person is caused by the wrongful act, neglect or default of another his personal representative may maintain an action for damages against the person causing the death[.][[7]]
Every such action shall be for the benefit of the wife, husband ... of the person whose death shall have been so caused.[[8]]
These statutes govern post-death loss of consortium as well as other aspects of post-death damages. Accordingly, only the decedent's personal representative can bring an action for post-death loss of consortium.[9] As this court previously said:
While consortium is an element of damages in the wrongful death action, it is not an independent cause of action. The spouse may not pursue the claim independently but must recover any damages through the derivative cause of action under RCW 4.20.010; wrongful death is the cause of action and only the personal representative may bring it.[[10]]
In this case, Hatch is not her husband's personal representative. As a result, the trial court properly dismissed her complaint insofar as it alleged post-death loss of consortium.

II.
The second question is whether Hatch has a claim for pre-death loss of consortium. This question is controlled by case law, which holds that the deprived spouse "may sue for loss of consortium damages by either joining in a lawsuit with the spouse who sustained primary injuries or by bringing an independent suit."[11] It is not controlled *1225 by the survival statute, RCW 4.20.046, for that governs pre-death damages of the impaired spouse, not pre-death damages of the deprived spouse. Nor is it controlled by the wrongful death statutes, RCW 4.20.010.020, for they govern only post-death damages.
In Rinke v. Johns-Manville Corporation,[12] Division I aptly limited a loss of consortium claim to the deprived spouse's pre-death damages. The trial court had declined to dismiss the deprived spouse's claim, "holding that she was able to maintain that claim in her own name."[13] Agreeing with this part of the trial court's decision, although reversing other parts, the appellate court said:
We note, however, that such a claim would be limited to damages incurred during [the impaired spouse's] lifetime. Any claim for loss of consortium damages occurring because of [the impaired spouse's] death would have to be brought by the personal representative of his estate, through a wrongful death suit.[[14]]
Based on the foregoing, we conclude that Hatch's complaint states a claim for loss of consortium limited to the damages she suffered before her husband's death. We have not considered whether Hatch can prove her claim; whether she must join her husband's personal representative as an indispensable party; whether she must join her claim or consolidate her suit with any claim or suit brought by his personal representative; whether she might be impermissibly splitting a single claim that is properly controlled only by the personal representative; or whether she might be subject to res judicata or collateral estoppel due to claims his personal representative may have prosecuted to finality. None of these questions have been raised or briefed by the parties.[15]
We reverse the trial court's dismissal of Hatch's complaint to the extent she seeks damages for loss of consortium suffered before her husband's death. We affirm the trial court's dismissal in all other respects.
We concur: ARMSTRONG, C.J., HOUGHTON, J.
NOTES
[1] Clerk's Papers (CP) at 2. Hatch also claimed "Gerald Hatch's loss of income and medical expenses caused by [the City's] wrongful actions[.]" Id. at 1. Hatch does not appeal the trial court's dismissal of that claim.
[2] Id. at 4.
[3] Ueland v. Reynolds Metals Co., 103 Wash.2d 131, 132 n. 1, 691 P.2d 190 (1984) (quoting BLACK'S LAW DICTIONARY 280 (5th ed.1979)).
[4] Reichelt v. Johns-Manville Corp., 107 Wash.2d 761, 773, 733 P.2d 530 (1987); see also RESTATEMENT (SECOND) OF TORTS § 693, cmt a, at 495 (1977).
[5] Warner v. McCaughan, 77 Wash.2d 178, 181, 460 P.2d 272 (1969); Tait v. Wahl, 97 Wn.App. 765, 771-72, 987 P.2d 127 (1999), review denied, 140 Wn.2d 1015, 5 P.3d 9 (2000); Roe v. Ludtke Trucking, Inc., 46 Wash.App. 816, 819-20, 732 P.2d 1021 (1987).
[6] Huntington v. Samaritan Hosp., 101 Wash.2d 466, 469, 680 P.2d 58 (1984); Ginochio v. Hesston Corp., 46 Wash.App. 843, 848, 733 P.2d 551 (1987).
[7] RCW 4.20.010.
[8] RCW 4.20.020.
[9] See Bowers v. Fibreboard Corp., 66 Wash.App. 454, 460, 832 P.2d 523, review denied, 120 Wash.2d 1017, 844 P.2d 436 (1992); Rinke, 47 Wash.App. at 224 n. 1, 734 P.2d 533; Ginochio, 46 Wash.App. at 846, 733 P.2d 551; Roe, 46 Wash.App. at 818, 732 P.2d 1021; RESTATEMENT (SECOND) TORTS § 693, cmt. f (1977).
[10] Ginochio, 46 Wash.App. at 848, 733 P.2d 551 (emphasis added).
[11] Lund v. Caple, 100 Wash.2d 739, 744, 675 P.2d 226 (1984); see also Green v. American Pharm. Co., 136 Wash.2d 87, 101, 960 P.2d 912 (1998); Flanigan v. Dep't of Labor & Indus., 123 Wash.2d 418, 425, 869 P.2d 14 (1994); Reichelt, 107 Wash.2d at 776, 733 P.2d 530; Francom v. Costco Wholesale Corp., 98 Wash.App. 845, 870, 991 P.2d 1182 (2000); Christie v. Maxwell, 40 Wash.App. 40, 44, 696 P.2d 1256, review denied, 104 Wash.2d 1002 (1985). Interestingly, most other jurisdictions require joinder when possible. See, e.g., Schreiner v. Fruit, 519 P.2d 462, 466 (Alaska 1974); Hopson v. St. Mary's Hosp., 176 Conn. 485, 408 A.2d 260, 264 (1979); Jones v. Elliott, 551 A.2d 62, 65 (Del.1988); Brown v. Metzger, 104 Ill.2d 30, 83 Ill.Dec. 344, 470 N.E.2d 302, 304 (1984); Madison v. Colby, 348 N.W.2d 202, 209 (Iowa 1984); Thill v. Modern Erecting Co., 284 Minn. 508, 170 N.W.2d 865, 869 (1969); General Elec. Co. v. Bush, 88 Nev. 360, 498 P.2d 366, 371 (1972); Millington v. Southeastern Elevator Co., 22 N.Y.2d 498, 293 N.Y.S.2d 305, 312, 239 N.E.2d 897 (1968); Nicholson v. Hugh Chatham Mem'l Hosp., Inc., 300 N.C. 295, 266 S.E.2d 818, 823 (1980); Butz v. World Wide, Inc., 492 N.W.2d 88, 91 (N.D.1992); Moran v. Quality Aluminum Casting Co., 34 Wis.2d 542, 150 N.W.2d 137, 145 (1967). So also does the Restatement. RESTATEMENT (SECOND) OF TORTS § 693(2) ("Unless it is not possible to do so, the action for loss of society and services is required to be joined with the action for illness or bodily harm, and recovery for loss of society and services is allowed only if the two actions are so joined.").
[12] Rinke, 47 Wash.App. 222, 734 P.2d 533.
[13] Rinke, 47 Wash.App. at 224, n. 1, 734 P.2d 533.
[14] Rinke, 47 Wash.App. at 224, n. 1, 734 P.2d 533 (citations omitted).
[15] We were told at oral argument that the personal representative, who is not Hatch, has filed suit. We were also told that the City on remand will move to consolidate this case with that one. As the text indicates, we do not consider these matters.