145 N.J. Super. 555 (1976)
368 A.2d 429
ROBERT PALADINO, PLAINTIFF,
v.
HUMBERTO CAMPOS, M.D., DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 4, 1976.
*556 Mr. Alan Gottlieb for plaintiff (Messrs. Russ, Sapiro & Gottlieb, attorneys).
Mr. Thomas J. Alworth for defendant (Messrs. Shanley & Fisher, attorneys).
BRODY, J.J.D.R.C., Temporarily Assigned.
This is an amplification of an oral opinion rendered during trial at the close of evidence. A request to charge raised the novel question of whether shortened life expectancy is per se an element of damages in a personal injury action. I held it is not.
A former patient of defendant doctor brought this malpractice action charging that defendant failed to diagnose the onset of a massive coronary occlusion in time to avert its occurrence or moderate its effect.[1] Plaintiff, a bachelor, has no dependents. It is undisputed that the heart attack will probably shorten his life. Adequacy of proof of the period of foreshortening is also not in dispute.
At issue is the manner of measuring the nonpecuniary loss caused by the wrongful shortening of a claimant's life. Plaintiff requests the following charge:
If you the jury find the plaintiff has sustained injury as a proximate cause of the defendant's negligence which will shorten the plaintiff's life, then the measure of damages is what a reasonable and prudent man or woman would consider to be adequate or just under all the circumstances of the case to compensate the plaintiff for the reduction of his life.
An element of nonpecuniary loss in a personal injury action is the adverse effect that the prospect of premature *557 death, wrongfully caused by defendant, may have on the quality of the injured person's life. Rhone v. Fisher, 224 Md. 223, 167 A.2d 773, 778 (Ct. App. 1961). Plaintiff seeks more. He wants the jury to evaluate and compensate him not only for the reduced quality of his life but also for the unlived portion of his normal life expectancy.
Courts have traditionally declined to venture upon the awesome task of evaluating life itself. See Grosso v. Del., L. & W.R.R. Co., 50 N.J.L. 317, 320 (S.Ct. 1888). The few cases on the point at issue uniformly hold that evaluating damages for shortened life expectancy per se is too speculative to warrant allowance. Rhone v. Fisher, supra; Downie v. United States Lines Co., 359 F.2d 344 (3 Cir.1966) cert. den. 385 U.S. 897, 87 S.Ct. 201, 17 L.Ed.2d 130 (1966); Richmond Gas Co. v. Baker, 146 Ind. 600, 45 N.E. 1049, 1052 (Sup. Ct. 1897); Farrington v. Stoddard, 115 F.2d 96, 100 (1st Cir.1940).
In Tyminski v. United States, 481 F.2d 257, 271 (1973), the Court of Appeals for the Third Circuit anticipated the foregoing to be the law of New Jersey. It relied upon Downie v. United States Lines Co., supra at 347, where the same court, applying federal law under the Jones Act, held that an assessment of such damages "is not feasible because of the incalculable variables which may enter into any attempt to place a value on life; absent some workable criteria, a damage award would be base speculation."
Another argument to the same end denies damages for the period of lost life on the ground that these damages would duplicate the consequential damages recovered for the reduced quality of life caused by the prospect of premature death. Rhone v. Fisher, supra 167 A.2d 773, at 778. The point made is that one should not be compensated for both the consequential damages of a loss and for the loss itself.
Thus other jurisdictions have denied compensation for shortened life expectancy per se for a variety of reasons: the awesome and speculative nature of the assessment, and duplication of damages. In my opinion, compensation should *558 be denied for a wholly different reason: immateriality. The value of the period of unlived life is immaterial because nonpecuniary loss must be measured by the impact of the loss on the injured person's psyche. Since awareness of the loss ceases upon death, the injured person thereafter suffers no nonpecuniary damage.
Several cases demonstrate the rule that compensation for nonpecuniary losses must be based on an awareness by the injured person of the loss. In Lewis v. Read, 80 N.J. Super. 148 (App. Div. 1963), the injured person was an infant claiming impairment of the central nervous system, including the brain, leaving her "blind, deaf, unable to speak, without sense of touch or muscular control, subject to twitching and convulsive seizures, substantially underweight, and unable to consume food except through an eyedropper or teakettle-type cup." 80 N.J. Super. at 153. The nonpecuniary aspect of these losses was presented to the jury and treated by the Appellate Division under the rubric, "pain and suffering." After discussing the difficulty of assessing such damages because of speculation problems, the court went on to say (80 N.J. Super. at 174), "Moreover, conscious suffering is the only proper basis for pain and suffering." In Plank v. Heirings, 83 S.D. 173, 156 N.W.2d 193 (Sup. Ct. 1968), the court sustained a jury charge permitting damages for such "mental and physical pain as the Plaintiff has experienced." The court held that this language was the equivalent of charging the jury that it could award such damages only for conscious pain, stating:
* * * It is true that there can be no recovery for pain and suffering while an injured person is unconscious and damages are only allowable for such time as the injured person is conscious [Citations] When an injured person is killed instantly [Citation] or dies without regaining consciousness [citations] damages cannot be awarded for pain and suffering. * * * [W]e believe when [the trial court] instructed that damages may only be awarded for pain experienced, the jury was in effect told and it could only have understood this to mean conscious pain for if one is unconscious, he does not experience pain. [at 200; court's emphasis]
*559 In Corcoran v. McNeal, 400 Pa. 14, 161 A.2d 367 (Sup. Ct. 1960), the court sustained an award for nonpecuniary damage arising out of a complete loss of hearing, the loss of smell and taste, and an apparent acceleration of the aging process. Describing these losses as "physical impairments," the court stated:
The loss of well-being is as much a loss as an amputation. The inability to enjoy what one has heretofore keenly appreciated is a pain which can be equated with the infliction of a positive hurt. The concious loss of a benefit to which one is entitled hurts as much as a festering wound. [at 372; emphasis supplied]
In discussing the nonpecuniary loss caused by disfigurement the court in Wilson v. Kurn, 183 S.W.2d 553 (Mo. Sup. Ct. 1944) said:
[D]isfigurement in and of itself is not necessarily an element of damage except for its effect upon the mind and is therefore compensable as mental anguish. [at 556]
The period for measuring an injured person's nonpecuniary loss from a shortened life ends with his death. Once dead, he is insensible to further loss. In keeping with the general rule for measuring damages for nonpecuniary loss in a personal injury action, I will not go beyond instructing the jury that plaintiff's damages in this area are to be measured by the adverse effect the prospect of a premature death may have on the quality of his life as he actually experiences it.
Request to charge as submitted is denied.
NOTES
[1] The jury later absolved defendant by a verdict of no cause for action.