222 N.J. Super. 540 (1988)
537 A.2d 742
ESTHER LANZET, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATES OF ANNA LANZET AND MAX LANZET, DECEASED, PLAINTIFF-APPELLANT-CROSS-RESPONDENT,
v.
LAWRENCE M. GREENBERG, M.D.; SAVAREN SCANNPIEGO, M.D.; TALLAT BEKHIT, M.D.; ROSE L. OEN, M.D., DEFENDANTS-RESPONDENTS-CROSS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 12, 1988.
Decided February 11, 1988.
*541 Before Judges ANTELL, DEIGHAN and LANDAU.
Francis X. Dorrity argued the cause for appellant.
Bradley M. Wilson argued the cause for defendant Greenberg (Feuerstein, Sachs, Maitlin & Fleming, attorneys; Douglas F. Ortelere, on the brief).
Neil Reiseman argued the cause for defendant Scannpiego (Conway, Reiseman, Mattia & Sharp, attorneys; Neil Reiseman, on the brief).
John P. Beirne argued the cause for defendant Bekhit (Lamb, Hartung, Coughlin, Kretzer & Reinman, attorneys; Robert D. Kretzer and John P. Beirne, on the brief).
*542 Lawrence H. Jacobs argued the cause for defendant Oen (Francis & Berry, attorneys; Lawrence H. Jacobs, of counsel; Evelyn C. Farkas, on the brief).
The opinion of the court was deliverd by ANTELL, P.J.A.D.
This personal injury action was brought against four defendant physicians for medical malpractice during cataract extraction and intraocular lens implantation surgery performed upon Anna Lanzet on August 29, 1983. According to the verdict, Anna Lanzet suffered irreversible brain damage as the result of defendants' negligence and remained in a chronic persistent vegetative state until her death on September 7, 1984. Her husband, Max Lanzet, died July 4, 1984 and their daughter, Esther Lanzet, continues the litigation as administratrix ad prosequendum.
The jury found against all defendants on liability and awarded to Anna's estate damages of $208,232, the stipulated amount of the decedent's medical expenses, and to Max's estate the sum of $500,000 per quod. Nothing was awarded the Estate of Anna Lanzet for pain and suffering. The only rational explanation for this is a finding that during the interval between surgery and death Anna did not experience conscious suffering, "the only proper basis for pain and suffering." Lewis v. Read, 80 N.J. Super. 148, 174 (App.Div. 1963), certif. granted, 41 N.J. 121 (1963).
Following the verdict, plaintiff moved for a new trial on the issue of damages and each of the defendants cross-moved for judgment n.o.v., or, in the alternative, a new trial as to the per quod damages awarded to the Estate of Max Lanzet, or for a remittitur with respect to those damages. On May 9, 1986, by letter-opinion the Law Division ordered a new trial as to the damages awarded the Estate of Anna Lanzet. However, the court limited the new trial to the "disability and impairment" aspect of that claim. It also vacated the $500,000 per quod award to the Estate of Max Lanzet and directed a new trial *543 with respect to that claim. All other requests for relief presented by defendants' cross-motions were denied. An order memorializing the court's determination was entered June 20, 1986.
On plaintiff's interlocutory appeal from the foregoing order it is argued that a new trial should be allowed as to all aspects of Anna Lanzet's damages, including pain and suffering, and should not be limited to disability and impairment. We disagree. The distinction between the two elements of damages was recognized in Theobold v. Angelos, 40 N.J. 295, 304 (1963). As we said earlier, it is clear that the jury's failure to award damages for pain and suffering could only have been based upon a finding that Anna experienced no conscious suffering following the operation. That determination is supported by sufficient credible evidence and will not be disturbed. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974). The reason given by the trial judge for granting a new trial limited to disability and impairment was that he had failed to charge those elements of damages notwithstanding plaintiff's specific request that he do so. Under the circumstances, the action of the trial judge in granting the limited relief was proper.
Although, for reasons stated below, we will not consider defendant's cross appeals, we respond to their contention that there can be no award for disability and impairment which was not consciously experienced by the injured party. In our view, such an award does not depend on the individual's capacity to perceive and appreciate the curtailment of her active life. That form of anguish is redressible as pain and suffering. Damages for disability and impairment compensate for interruption of function which diminishes the individual's capacity for physical and mental activity. Reale v. Tp. of Wayne, 132 N.J. Super. 100, 114 (Law Div. 1975). See also Simmel v. N.J. Coop. Co., 28 N.J. 1, 16 (1958).
Defendants' reliance upon Paladino v. Campos, 145 N.J. Super. 555 (Law Div. 1976), is misplaced. Although the Law *544 Division there spoke broadly of "the rule that compensation for nonpecuniary losses must be based on an awareness by the injured person of the loss," the context in which it wrote and the cases which it cited as precedent leave no doubt that the court was addressing claims for pain and suffering, not disability and impairment. Id. at 558.
We consider now the status of defendants' cross-appeals. The order under review is dated June 20, 1986. It consists of two paragraphs. Paragraph (a) directs a new trial limited to damages for disability and impairment and the per quod claim by the Estate of Max Lanzet. Paragraph (b) denies "[a]ll other applications for post-judgment relief, filed either on behalf of the plaintiff or defendants...."
On August 1, 1986 we granted plaintiff leave to appeal the trial court's order to the extent that it limited the retrial of damages to the issues of disability and impairment. On September 5, 1986 we denied the motions made on various dates in August 1986 by defendants Bekhit, Greenberg and Scannpiego for leave to cross-appeal those aspects of the June 20 order which denied their motions for judgment n.o.v. or for a new trial as to liability. Dr. Oen filed a notice of cross-appeal, presumably of right, from the same order on August 18, 1986 insofar as it denied her motion for judgment n.o.v. or for a new trial as to liability. Notwithstanding our denial of their motions for leave to cross-appeal on September 5, 1986, defendants Bekhit, Greenberg and Scannpiego respectively filed notices of cross-appeal, presumably of right, on the following dates: September 19, 1986, September 23, 1986 and September 26, 1986. The question which we consider is whether the foregoing cross-appeals are properly before us.
R. 2:2-4 provides that: "the Appellate Division may grant leave to appeal, in the interest of justice, from an interlocutory order of a court...." R. 2:5-6(b) provides that "[i]f an appeal from an interlocutory order, decision or action is allowed, an application for leave to cross appeal ... may be made...." In seeming contradiction, R. 2:4-2(a) provides that *545 "cross appeals from orders as to which leave to appeal has been granted ..." may be taken as of right by serving and filing a notice of cross-appeal. In our view, however, the latter rule contemplates cross-appeals addressed to the same aspect of the order under review as to which leave to appeal has already been granted. The trial court's order of June 20, 1986 disposed of numerous motions raising a wide diversity of issues. Merely because these dispositions were recited as a matter of convenience in a single document did not entitle defendants to cross-appeal the issue of their liability where we had only agreed to review the correctness of the trial court's determination limiting the retrial on damages to the issues of disability and impairment.
Moreover, even if the cross-appeals were properly taken under R. 2:4-2(a), that rule requires the notice of cross-appeal to be served and filed "within 15 days after the ... entry of an order granting leave to appeal." The notices of cross-appeal herein were filed well outside the period so limited.
Affirmed on the main appeal. The cross-appeals are dismissed.