[No. 7477-3-III.   Division Three.   February 19, 1987.]

DORIS GINOCHIO, *as Personal Representative, Respondent,* v. HESSTON CORPORATION, *Appellant.*

*Michael L. O'Donnell* and *Raekes, Rettig, Osborne, Forgette & O'Donnell,* for appellant.

*Harrison K. Dano,* for respondent.

THOMPSON, J.—On July 4, 1983, Lloyd Ginochio was killed while operating a Hesston Model 6550 windrower. Doris Ginochio, Lloyd Ginochio's widow, as personal representative of his estate, brought suit against the defendant, Hesston Corporation, alleging negligence, strict liability, and breach of warranty.

The jury returned a verdict awarding the estate $303,636, and Doris Ginochio $200,000, as statutory beneficiary in the wrongful death action. The jury found decedent was 60 percent negligent; the trial court entered judgment on the verdict reducing the award to the estate in the survival action by 60 percent, but did not reduce the award to Doris Ginochio as statutory beneficiary in the wrongful death action. Hesston Corporation had argued to the trial court, and argues on appeal, that decedent's contributory fault should be imputed to the statutory beneficiary of the wrongful death action, or, in the alternative, Hesston should be entitled to contribution from Mr. Ginochio's estate for that portion of his negligence that was a proximate cause of harm or injury to him.

The determinative issue is whether the court should have imputed the decedent's contributory fault to reduce the award to Doris Ginochio in the wrongful death action. It should have. We reverse.

Included as section 10 of the tort and product liability reform act of 1981, codified at RCW 4.22.020, was the following amendment:

> The contributory fault of one spouse shall not be imputed to the other spouse or the minor child of the spouse to diminish recovery in an action by the other spouse or the minor child of the spouse, or his or her legal representative, to recover damages caused by fault resulting in death or in injury to the person or property, whether separate or community, of the spouse. *In an action brought for wrongful death, the contributory fault of the decedent shall be imputed to the claimant in that action.*

(Italics ours.) The amendment was included to conform the 1973 comparative negligence act to the product liability act's expansion of comparative negligence law to cover comparative fault situations. Senate Select Comm. on Tort & Prod. Liab. Reform, *Final Report 1981*, at 48. It also was designed to clear up ambiguities in the original comparative negligence act. The 1973 act provided one spouse's negligence could not be imputed to "bar" recovery in an action by the other spouse. Because contributory negligence no longer barred recovery, this language was inaccurate. Thus, "bar" was changed to "diminish". The amendment also specifically allowed fault to be imputed in a wrongful death action. The *Final Report 1981* notes at page 49:

> This is appropriate since wrongful death actions are in a sense derivative actions and the contributory fault of the decedent spouse should be taken into account in determining the amount of the surviving spouse's recovery.

Mrs. Ginochio asks this court to read "wrongful death" in the second sentence of RCW 4.22.020 to apply only to the survival action. She argues that the first sentence's reference to "damages caused by fault resulting in death . . ." refers to the RCW 4.20.010 "wrongful death" action. However, such a reading distorts the language of the statute, and the distinction between "wrongful death" and "survival" actions.

The general survival action, codified as RCW 4.20.046, continues a decedent's cause of action for damages decedent could have claimed. *Warner v. McCaughan,* 77 Wn.2d 178, 179, 460 P.2d 272 (1969); *Parrish v. Jones,* 44 Wn. App. 449, 455, 722 P.2d 878 (1986). The special survival statute, RCW 4.20.060, applies where death is by personal injury; it allows damages for pain and suffering, whereas the "general" statute does not. *Walton v. Absher Constr. Co.,* 101 Wn.2d 238, 240, 676 P.2d 1002 (1984). Under either statute, the cause of action belongs to the decedent and thus is subject to the same defenses that could have been urged against the decedent had he lived and brought the action, including decedent's own "fault". W. Keeton, D.

Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on Torts* § 126, at 947 (5th ed. 1984); V. Schwartz, *Comparative Negligence* § 13.1 (2d ed. 1986).

On the other hand, the wrongful death statute, RCW 4.20.010, creates a cause of action which belongs to someone other than the decedent. *Warner v. McCaughan, supra.* The measure of damages is the actual pecuniary loss suffered by the surviving beneficiaries from the death of their relative, including loss of services, love, affection, care, companionship, and consortium. *Myers v. Harter,* 76 Wn.2d 772, 783, 459 P.2d 25 (1969); *Upchurch v. Hubbard,* 29 Wn.2d 559, 563–64, 188 P.2d 82 (1947); *Pearson v. Picht,* 184 Wash. 607, 613, 52 P.2d 314 (1935); *Jensen v. Culbert,* 134 Wash. 599, 605, 236 P. 101 (1925).

Even though creating a "new" cause of action, the wrongful death action is essentially derivative, as noted by the senate report. Prior law under the contributory negligence rule held that because the right of recovery of the statutory beneficiary is derivative, if the deceased would have been barred, then the relatives are barred. *Ryan v. Poole,* 182 Wash. 532, 47 P.2d 981 (1935); *Ostheller v. Spokane & I.E. R.R.,* 107 Wash. 678, 686, 182 P. 630 (1919); *see also* Restatement (Second) of Torts § 494 (1965). With the advent of comparative negligence principles, the "bar" rule of contributory negligence gave way to the "diminishment" principle. However, there appears no reason to reinterpret the wrongful death statute as nonderivative. *See* V. Schwartz § 13.2. In fact, the statute creating a wrongful death action in the parents of a minor child, RCW 4.24.010, has been interpreted to allow imputation of the comparative negligence of the minor child, under former RCW 4.22.010. *Griffin v. Gehret,* 17 Wn. App. 546, 564 P.2d 332 (1977).

In interpreting the contributory fault statute, we must construe each part of the statute in connection with every other part so as to produce a harmonious whole.

*Griffin v. Gehret, supra;* 2A C. Sands, *Statutory Construction* § 46.05 (4th ed. 1984). To conclude the first sentence of RCW 4.22.020 refers to nonimputation of contributory fault in a "wrongful death" action, as argued by Mrs. Ginochio, would make the reference in the second sentence to "wrongful death" conflicting. The intent of the Legislature was to reduce the award under a wrongful death claim by decedent's contributory fault. The direction in RCW 4.22-.020 that contributory fault shall not be imputed applies only when a spouse, child or their legal representative brings an independent cause of action for their injury or death, not when the action is for damages incurred under RCW 4.20.010, as in this action.

*Christie v. Maxwell,* 40 Wn. App. 40, 47–48, 696 P.2d 1256, *review denied,* 104 Wn.2d 1002 (1985) recognized that loss of consortium, as an independent cause of action of the spouse, could not be diminished by the contributory fault of the other spouse. However, in *Christie* a separate *cause of action* for loss of consortium arose; the named plaintiff was the recovering spouse. Imputation of the contributory fault of the nonrecovering spouse was governed by the first sentence of RCW 4.22.020; the claim was not for wrongful death.

While *Christie* noted consortium is somewhat like a wrongful death action in that there would be no injury to Mrs. Christie's consortium rights had there not been physical injury to Mr. Christie, it nevertheless would not allow reduction based on the contributory fault of Mr. Christie. Two reasons were given. First, the right of action for loss of consortium is separate and not derivative because of the separate legal identity of the spouse suing for loss of consortium. Second, while a "loss of consortium action is very similar to the wrongful death action . . .", only the wrongful death action was specifically included in the 1981 amendment to RCW 4.22.020, allowing imputation of contributory fault. *Christie,* at 48.

While consortium is an element of damages in the wrongful death action, it is not an independent cause of action. The spouse may not pursue the claim independently but must recover any damages through the derivative cause of action under RCW 4.20.010; wrongful death is the cause of action and only the personal representative may bring it. *Wood v. Dunlop,* 83 Wn.2d 719, 723, 521 P.2d 1177 (1974) (beneficiary of wrongful death action possesses no claim or cause of action *personal to himself;* wrongful death is strictly statutory and must be instituted by the personal representative of the deceased); *Gray v. Goodson,* 61 Wn.2d 319, 378 P.2d 413 (1963). Thus, while it may seem unfair to allow full recovery for loss of consortium where the negligent spouse is merely injured, as in *Christie,* but reduce recovery when the negligent spouse dies, as here, we are constrained to refrain from reading into RCW 4.22.020 that which is not there. *Christie,* at 48.

Mrs. Ginochio argues the 1981 tort and product liability reform act only altered existing product liability law to the extent provided in sections 2 through 7, and the amendment to RCW 4.22.020 was contained in section 10. She concludes that prior product liability law would preclude imputation of contributory fault "in this case". However, section 10 by its own terms applies to all tort actions, including product liability actions, and therefore does apply to such actions. *See* Talmadge, *Washington's Product Liability Act,* 5 Puget Sound L. Rev. 1, at 20 n.80 (1981). Thus, her argument is without merit.

Because we find the trial court erred in not imputing decedent's fault to reduce the wrongful death award and reverse the judgment on that basis, we need not address Hesston Corporation's alternative theory that the trial court erred in denying defendant a right of contribution in

the wrongful death action from decedent's estate for decedent's contributory fault.

Reversed.

McINTURFF, C.J., and MUNSON, J., concur.