[No. 11926-9-II.   Division Two.   January 8, 1990.]

SUSAN A. LONG, *as Guardian ad Litem*, ET AL, *Respondents*, v. JAMES F. DUGAN, ET AL, *Petitioners.*

*Timothy R. Gosselin* and *Burgess, Kennedy, Fitzer & Strombom,* for petitioners.

*Douglas K. Smith* and *Albertson, Smith & Associates,* for respondents.

SCHUMACHER, J.*—While on a visit with his grandparents, James and Shirley Dugan, 3–year–old Peter Collins fell into the Dugan swimming pool and died 3 days later from the inhalation of water.

Peter's father, Ralph W. Collins, Jr., brought an action against the Dugans. As a parent, he asserted a claim for the death of his minor child under RCW 4.24.010; and, as personal representative of Peter's estate, he asserted a claim for wrongful death under RCW 4.20.010 and .020.

---

*This appeal was heard by a Supreme Court Justice, a retired Supreme Court Justice, and a retired Superior Court Judge sitting as Judges Pro Tempore of the Court of Appeals in Division Two.

Another action was filed by Susan A. Long as guardian ad litem for Peter's surviving sisters, Robin and Rebecca, seeking damages for loss of consortium. This appeal concerns the latter action.

In trial court the Dugans moved to dismiss the sisters' action under CR 12(b)(6) for failure to state a claim upon which relief can be granted. The trial court denied the motion and the Dugans appealed. Commissioner Mark Adams granted discretionary review under RAP 2.3(b)(1)— obvious error rendering further proceedings useless. We reverse the trial court.

The primary issue in this appeal is whether the nondependent siblings of Peter Collins have a separate and independent claim for the loss of consortium with their brother that is not precluded by the wrongful death statute.

The wrongful death statute, RCW 4.20.010, provides that when the death of a person is caused by the wrongful act of another, his personal representative may maintain an action for damages against the person causing the death. Under RCW 4.20.020, the specified beneficiaries of such an action are the wife, husband, and child or children, including stepchildren, of the decedent. If none of the primary beneficiaries exist, the statute provides that such an action may be maintained for the benefit of the parents, sisters or brothers "who may be dependent upon the deceased for support". There being no suggestion in this case that the two sisters of Peter Collins were dependent upon him, it is clear their action does not come within the scope of the wrongful death statute. Respondents concede there is no case or statutory authority in this state for their claim.

The main thrust of respondents' position appears to be that all members of the nuclear family should be entitled to assert damage claims for the loss of consortium with another family member whose death is wrongfully caused. Therefore, the court should establish a damage claim between nondependent siblings as part of the common law

of this state. In advancing this proposal, respondents rely heavily upon *Ueland v. Pengo Hydra–Pull Corp.,* 103 Wn.2d 131, 691 P.2d 190 (1984). In *Ueland,* the Supreme Court recognized an anomaly in the law in that a child had a statutory action for damages, including loss of consortium, in the event the father was wrongfully killed, but had no statutory or common law remedy if the father remained alive but in a vegetative state. Because a child's need for the support and consortium of his parent is so great, the court concluded that justice required the recognition in such cases of a new cause of action to benefit children. The *Ueland* decision did not modify or supplement the wrongful death statute in any way, but simply provided a new remedy in an area of law already the product of common law.

It is further clear that the policy reasons behind *Ueland* are not the same as in this case. The respondent sisters of Peter Collins were not dependent upon him for support. If they had been, the current wrongful death statute would allow them to pursue their claim. Unlike the claim in *Ueland,* the claim in this action does not appear to be one the Legislature failed to consider. Rather, the statute demonstrates the Legislature considered wrongful death claims of siblings and decided to allow only if the survivor was dependent upon the decedent. RCW 4.20.020.

It is well established law in this state that wrongful death claims have not been recognized in common law, but rather are a creature of statutes. *Huntington v. Samaritan Hosp.,* 101 Wn.2d 466, 680 P.2d 58 (1984); *Roe v. Ludtke Trucking, Inc.,* 46 Wn. App. 816, 732 P.2d 1021 (1987). The cases cited further make it clear that any changes or supplements to the wrongful death statute must come from the Legislature.

To avoid the appearance of modifying the wrongful death statute, respondents argue that an action for loss of consortium alone is a separate and independent action which does not derive from the wrongful death statute, citing *Reichelt v. Johns–Manville Corp.,* 107 Wn.2d 761, 733 P.2d 530

(1987). *Reichelt* does not support the respondents' argument but simply held that where the husband contracted asbestosis through the defendant's negligence, the wife's cause of action, in which she claimed loss of consortium, was a separate and independent claim for purposes of applying the statute of limitations.

Loss of consortium is not, in and of itself, a cause of action but rather an element of damages. *Ginochio v. Hesston Corp.,* 46 Wn. App. 843, 847–48, 733 P.2d 551 (1987). In a wrongful death action, one of the elements of damages is loss of consortium. *Myers v. Harter,* 76 Wn.2d 772, 783, 459 P.2d 25 (1969); *Ginochio v. Hesston, supra.* Hence, it follows that the respondents' claim must be brought within the subject of the limitations of the wrongful death statute. As stated in *Ginochio,* at 848:

> While consortium is an element of damages in the wrongful death action, it is not an independent cause of action. The spouse may not pursue the claim independently but must recover any damages through the derivative cause of action under RCW 4.20.010; wrongful death is the cause of action and only the personal representative may bring it.

Finally, respondents contend Washington case law holding that there was no common law action for wrongful death is based upon an erroneous interpretation of common law and should be overruled. This we decline to do.

The order of the trial court denying appellant's motion to dismiss is reversed.

PEARSON and UTTER, JJ. Pro Tem., concur.

Review denied at 114 Wn.2d 1018 (1990).