[No. 42327-4-I.   Division One.   November 1, 1999.]

AMBER TAIT, *Individually and as Personal Representative, Appellant,* v. THEODORE ANDREW WAHL, ET AL., *Respondents.*

766

*Peter Moote* of *Peter Moote & Associates*, for appellant.
*Danielle A. Hess*, *William R. Hickman*, and *John W. Rankin Jr.* of *Reed McClure*, for respondents.

KENNEDY, C.J. — After Mary Douglas was struck and killed by a delivery truck, Amber Tait, the decedent's niece, sued the delivery truck's owner and driver on behalf of herself, her children, the decedent's nondependent brother, and the decedent's estate, seeking damages for pain and suffering, medical and other out-of-pocket expenses, impairment of income and earning capacity, loss of enjoyment of life, and loss of consortium. Because Tait, her children, and the decedent's nondependent brother are not beneficiaries under Washington's wrongful death and survival statutes, RCW 4.20.010, .020, .046(1), .060, and the common law does not recognize a cause of action against a person who wrongfully causes the death of another, the trial court properly dismissed, on summary judgment, the claims that Tait brought on behalf of herself, her children, and the decedent's nondependent brother. In addition, because a decedent's estate cannot recover noneconomic damages for the decedent's pain and suffering, anxiety, emotional distress, loss of enjoyment of life, or loss of consortium under Washington's general survival statute, RCW 4.20-.046(1), the trial court also properly dismissed, on summary judgment, these claims brought by Tait on behalf of the decedent's estate. Accordingly, we affirm.

STATEMENT OF FACTS

For purposes of summary judgment, the substantive facts

are not in dispute. Mary Douglas raised her niece, Amber Tait, as if she were her own child, and then helped Tait raise her children, Kindra, Shea, and Tyler, with financial and personal support. On March 1, 1991, Theodore Wahl struck and killed Douglas with his delivery truck. On March 1, 1994, Tait, as Douglas's personal representative, sued Wahl and others on behalf of herself, her three children, Douglas's brother, and Douglas's estate, seeking damages for pain and suffering, medical and other out-of-pocket expenses, impairment of income and earning capacity, loss of enjoyment of life, and loss of consortium. The defendants moved for partial summary judgment, and the trial court dismissed all of the claims that Tait brought on behalf of herself, her children, and Douglas's brother, and all of the claims for noneconomic damages that Tait brought on behalf of Douglas's estate:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants' motion for partial summary judgment is granted dismissing the following claims with prejudice:
>
> 1. All claims brought under Washington's wrongful death statute, RCW 4.20.010, including those claims brought on behalf of Amber Tait other than in her capacity as personal representative of the Estate of Mary Douglas and all claims brought on behalf of Kindra Tait, Shea Tait, Tyler Tait, and George Harding Douglas;
>
> 2. All claims seeking damages for pain and suffering, anxiety, emotional distress, impairment of ability to enjoy life, and loss of consortium; and
>
> 3. All claims based on loss of income or earning capacity of the plaintiffs other than the Estate.

Clerk's Papers at 11. The parties later settled the remaining claims. Tait appeals the trial court's order granting the defendants' motion for partial summary judgment.

## DISCUSSION
### A. Washington's Wrongful Death Statute

"The wrongful death statute, RCW 4.20.010, provides

that when the death of a person is caused by the wrongful act of another, his personal representative may maintain an action for damages against the person causing the death." *Long v. Dugan*, 57 Wn. App. 309, 311, 788 P.2d 1 (1990). "The measure of damages is the actual pecuniary loss suffered by the surviving beneficiaries from the death of their relative, including loss of services, love, affection, care, companionship, and consortium." *Ginochio v. Hesston Corp.*, 46 Wn. App. 843, 846, 733 P.2d 551 (1987). The wrongful death statute, however, is expressly limited to two tiers of beneficiaries:

> The first tier of beneficiaries includes the spouse and children of the deceased; these beneficiaries need not establish dependence on the deceased. The second tier of beneficiaries, which includes the parents and siblings of the deceased, may recover only if there are no first tier beneficiaries *and* only if the designated beneficiaries were dependent for support on the deceased.

*Masunaga v. Gapasin*, 57 Wn. App. 624, 630, 790 P.2d 171 (1990).

█ In this case, it is undisputed that the decedent had no legal spouse or children. In addition, although the decedent had a surviving brother, George Harding Douglas, it is undisputed that he was not financially dependent on the decedent. Therefore, strictly construing the statute, Tait, her children, and George Douglas are not among the beneficiaries on whose behalf the decedent's personal representative can maintain a cause of action under RCW 4.20.010, even though it is also undisputed that Tait and her children were financially dependent upon the decedent.

Tait contends that the list of beneficiaries enumerated in RCW 4.20.020 should be liberally construed to include her "parent-child like" relationship with the decedent and her children's "familial" relationship with the decedent: "If it is the intent of this legislation and/or the common law to provide damages to survivors who have been dependent upon the deceased for economic and emotional support,

this case fits all of the necessary criteria." Appellants' Br. at 10. But "[l]iberal construction of wrongful death statutes is appropriate only after the proper beneficiaries have been determined." *Masunaga*, 57 Wn. App. at 631. Consequently, "[c]ourts in this state have extended the literal scope of such statutes only to protect beneficiaries 'clearly contemplated by the statute.' " *Id.* (citing *Roe v. Ludtke Trucking, Inc.*, 46 Wn. App. 816, 819, 732 P.2d 1021 (1987)).

■ For example, this court has held that a cohabitant who "shared a long-term, stable, and marital-like relationship" with the decedent could not recover damages as a beneficiary under Washington's wrongful death statute, because RCW 4.20.020's use of the term "wife" contemplates only a legally "married woman." *Roe*, 46 Wn. App. at 817. Similarly, RCW 4.20.020's use of the phrase "child or children, including stepchildren" contemplates only "natural or adopted children of the decedent," *Armijo v. Wesselius*, 73 Wn.2d 716, 719, 440 P.2d 471 (1968) (interpreting a former version of RCW 4.20.020), and the decedent's stepchildren. Therefore, although it is undisputed for purposes of summary judgment that Tait had a "parent-child like" relationship with the decedent and that her children had "familial" relationships with the decedent, and that Tait and her children were financially dependent upon the decedent, they are not beneficiaries under RCW 4.20.020. Accordingly, they cannot recover damages under Washington's wrongful death statute.[1]

## B. Washington's Special Survival Statute

■ Washington's special survival statute, RCW 4.20.060, which is also known as the death by personal injury statute, allows the executor or administrator of a decedent's estate "to recover for the decedent's damages, including

---

[1]Tait also contends in passing that the wrongful death statute violates hers and her children's right to equal protection under the law. "In the absence of argument and citation to authority, an issue raised on appeal will not be considered." *American Legion Post No. 32 v. City of Walla Walla*, 116 Wn.2d 1, 7, 802 P.2d 784 (1991). Therefore, we do not address this issue.

any pain and suffering between the time of the injury and the time of death." *Bowers v. Fibreboard Corp.*, 66 Wn. App. 454, 460, 832 P.2d 523 (1992). Although RCW 4.20.060 is a survival statute because it continues "the cause of action of the decedent for the damages which the decedent could have claimed had the death not occurred," damages recovered under RCW 4.20.060 "do not go through the estate, but are distributed directly to the statutory beneficiaries." *Parrish v. Jones*, 44 Wn. App. 449, 454-55, 722 P.2d 878 (1986); *see also* 15 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE: TRIAL PRACTICE CIVIL § 597, at 384 (5th ed. 1996). Like Washington's wrongful death statute, however, RCW 4.20.060 is expressly limited to the two tiers of beneficiaries listed in RCW 4.20.020. *Benoy v. Simons*, 66 Wn. App. 56, 61, 831 P.2d 167 (1992). And, as discussed above, Tait and her children, and the decedent's nondependent brother, George Douglas, are not beneficiaries under RCW 4.20.020. Therefore, they cannot recover damages under Washington's special survival statute.

## C. Common Law Action for Wrongful Death

■ Tait next contends that even if she, her children, and George Douglas are not beneficiaries under any of Washington's wrongful death and survival statutes, the common law should recognize a cause of action against a person who wrongfully causes the death of another. But as the courts of this state have long and repeatedly held, causes of action for wrongful death are strictly a matter of legislative grace and are not recognized in the common law:

> It is settled beyond controversy that, at common law, no civil action could be maintained for damages resulting from the death of a human being. But that defect of the common law has been obviated by statute in the several states, analogous to the English statute, commonly known as Lord Campbell's act (9 and 10 Vic. c. 93), though often varying more or less from its provisions, especially as to the party entitled to maintain the action. The object and purpose of these statutes is to provide a remedy whereby the family or relatives of the

deceased, who might naturally have expected maintenance or assistance from the deceased had he lived, may recover compensation from the wrongdoer commensurate with the loss sustained.

*Hedrick v. Ilwaco Ry. & Nav. Co.*, 4 Wash. 400, 402-03, 30 P. 714 (1892), *overruled on other grounds by Lockhart v. Besel*, 71 Wn.2d 112, 426 P.2d 605 (1967); *accord Warner v. McCaughan*, 77 Wn.2d 178, 181, 460 P.2d 272 (1969); *Long*, 57 Wn. App. at 313; *Roe*, 46 Wn. App. at 819-20. Therefore, the trial court properly dismissed, on summary judgment, the common law wrongful death claims that Tait brought on behalf of herself, her children, the decedent's brother, and the decedent's estate.

### D. Washington's General Survival Statute

■ Washington's general survival statute, RCW 4.20-.046(1), "does not create a separate claim for the decedent's survivors," but "merely preserves the causes of action a person could have maintained had he or she not died." *Cavazos v. Franklin*, 73 Wn. App. 116, 119, 867 P.2d 674 (1994). Therefore, unlike the wrongful death and special survival statutes, the decedent's personal representative can recover damages under RCW 4.20.046(1) on behalf of the decedent's estate. *Parrish*, 44 Wn. App. at 455 (interpreting former RCW 4.20.046); *see also* 15 Lewis H. Orland & Karl B. Tegland, *supra* § 597, at 384.

■ Before 1993, the proviso to RCW 4.20.046(1) provided that a decedent's personal representative "shall not" recover damages for the decedent's pre-death pain and suffering, anxiety, emotional distress, or humiliation:

All causes of action by a person or persons against another person or persons shall survive to the personal representatives of the former and against the personal representatives of the latter, whether such actions arise on contract or otherwise, and whether or not such actions would have survived at the common law or prior to the date of enactment of this act:

*Provided, however,* That no personal representative shall be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased.

LAWS OF 1961, ch. 137, § 1.[2] The Supreme Court has construed this statute as prohibiting a decedent's personal representative from recovering damages for the decedent's pain and suffering, anxiety, emotional distress, or humiliation on behalf of the decedent's estate. *Wooldridge v. Woolett,* 96 Wn.2d 659, 663, 638 P.2d 566 (1981); *Warner,* 77 Wn.2d at 182; *Harvey v. Cleman,* 65 Wn.2d 853, 857-58, 400 P.2d 87 (1965); *see also Blodgett v. Olympic Sav. & Loan Ass'n,* 32 Wn. App. 116, 125, 646 P.2d 139 (1982). Therefore, the trial court properly dismissed Tait's claims to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by the decedent that she brought on behalf of the decedent's estate.[3]

Tait next contends that even if the decedent's estate cannot recover damages for the decedent's pain and suffering, anxiety, emotional distress, or humiliation, RCW 4.20-.046(1) permits a decedent's estate to recover other noneconomic damages such as the decedent's loss of enjoyment of life and loss of consortium. The Supreme Court, however, has expressly held that a decedent's estate's right

---

[2]Mary Douglas died in March 1991, more than two years before July 25, 1993, the date on which the 1993 amendment to RCW 4.20.046(1) took effect. LAWS OF 1993, at ii (General Information); *see also* FINAL LEGISLATIVE REPORT, 53d Leg., Reg. Sess. 217 (SB 5077) (Wash. 1993).

[3]During oral argument for this appeal, Tait clarified that she is not claiming that the 1993 amendment applies to this case. A review of the legislative history indicates that the 1993 amendment was intended to close the gap between Washington's special survival statute, RCW 4.20.060, and Washington's general survival statute, RCW 4.20.046(1), by permitting a decedent's personal representative to recover damages for the decedent's pain and suffering, anxiety, emotional distress, or humiliation on behalf of the beneficiaries enumerated in RCW 4.20.020, "regardless of whether the injury that caused the damages also caused the death." H.B. Rep., SB 5077, at 1-2 (1993); *see also* S.B. Rep., SB 5077, at 1 (1993); FINAL LEGISLATIVE REPORT, *supra.* Since Tait is not among those beneficiaries, the amendment, even if it were applicable, would not help her.

to recover damages under RCW 4.20.064(1) is limited to the lost net accumulations of the decedent:

> The loss of life's amenities should be recoverable only by plaintiffs who survive compensable injuries, since such lost pleasures are personal to that individual and essentially represent pain and suffering. Damages for loss of life's amenities should not be recoverable in a survival action, however, because such damages are a back-door method of obtaining compensation for pain and suffering, or for obtaining those damages otherwise recoverable in a wrongful death action. *See* RCW 4.20.010, .020, and RCW 4.24.010. The proper method for determining damages in a survival action as opposed to a wrongful death action, was set out in *Criscuola v. Andrews*, 82 Wn.2d 68, 507 P.2d 149 (1973). In that case, we stated that the potential for double recovery (not a problem here) can be avoided "if recovery under the survival action is limited to the prospective net accumulations of the deceased." *Criscuola*, at 70. We believe that the loss of the ability to enjoy life's pleasures and amenities is not an asset to be accumulated by the deceased.

*Wooldridge*, 96 Wn.2d at 666; *see also Cavazos*, 73 Wn. App. at 121 ("Under RCW 4.20.046, the decedent's administrator is entitled to maintain an action for the following damages: disability with its attendant permanent loss of earning power; burial and funeral expenses; medical and hospital expenses; and general damages to the decedent's estate."). Because the loss of enjoyment of life and loss of consortium—like pain and suffering, anxiety, emotional distress, and humiliation—are not assets that can be accumulated by the decedent, a decedent's estate cannot recover damages for these claims under RCW 4.20.046(1). Therefore, the trial court properly dismissed, on summary judgment, the claims that Tait brought on behalf of the decedent's estate for the decedent's pain and suffering, anxiety, emotional distress, loss of enjoyment of life, and loss of consortium.

## CONCLUSION

Because Tait, her children, and the decedent's nondepen-

dent brother are not beneficiaries under Washington's wrongful death and survival statutes, RCW 4.20.010, .020, .046(1), .060, and the common law does not recognize a cause of action against a person who wrongfully causes the death of another, the trial court properly dismissed, on summary judgment, the claims that Tait brought on behalf of herself, her children, and the decedent's nondependent brother. In addition, because a decedent's estate cannot recover noneconomic damages for the decedent's pain and suffering, anxiety, emotional distress, loss of enjoyment of life, or loss of consortium under Washington's general survival statute, RCW 4.20.046(1), the trial court also properly dismissed, on summary judgment, these claims brought by Tait on behalf of the decedent's estate. Accordingly, we affirm.

BECKER, J., concurs.

ELLINGTON, J. (concurring) — I agree with the majority's analysis of the law and of the 1993 amendment. I also, therefore, reluctantly agree with the conclusion that plaintiffs here are not statutory beneficiaries. I write separately to urge the legislature to close yet another loophole in these statutes.

The facts here starkly present the realities of modern life. Mary Douglas began caring for her niece Amber Tait full time on the day Amber was born, because of Amber's mother's severe disabilities. Amber and her family were financially dependent upon Mary Douglas. Yet because Amber Tait's degree of relation to Mary Douglas is one step removed from the statutory class, she does not meet the "second tier" beneficiary definition, and cannot recover the losses she and her children will suffer as a direct result of Mary Douglas' wrongful death. Instead, the tortfeasor receives a windfall, and the welfare system may receive another client. No public policy supports this result.

In today's world, the extended family is frequently called upon to respond to the needs of its members. And some-

times, legal family ties do not exist—some "grandmothers" are not related at all to those they care for and support. But the loss of her support is no less devastating to those financially dependent upon her. Perhaps the problem with the wrongful death statute lies in its definition of the second tier statutory beneficiaries based entirely upon family ties. Where actual dependence can be established, degrees of family relationship seem irrelevant. One who is financially dependent upon another should not lose both life support and legal remedy in one tortious moment. A strict test for establishing the fact of dependence would serve to eliminate frivolous claims.

Expanding the second tier statutory beneficiaries to include those actually dependent would serve justice. At minimum, it should include extended family members who were financially dependent upon the deceased. The delivery truck driver who ran down Mary Douglas in a marked crosswalk should not receive a benefit simply because Amber Tait is Douglas' brother's child, rather than Douglas' brother or sister.

I thus urge the legislature to reexamine the statutory scheme in light of the injustice represented by this case.

Review denied at 140 Wn.2d 1015 (2000).