92 P.3d 192 (2004)
151 Wash.2d 750
Yaeko OTANI, Deceased, through her personal representative, Pauline SHIGAKI, Petitioner,
v.
David R. BROUDY, M.D., Respondent.
No. 73531-0.
Supreme Court of Washington, En Banc.
Argued October 30, 2003.
Decided June 10, 2004.
*193 Dwayne A. Richards, Reed Philip Schifferman, Stritmatter Kessler Whelan et al., Seattle, Paul Lester Stritmatter, Garth Jones, Ray Kahler, Stritmatter Kessler Whelan et al., Hoquiam, for Petitioner.
John Colman Graffe, Johnson Graffe Keay Moniz & Wick LLP, Seattle, Jane Elizabeth Clark, Hoffman Hart & Wagner LLP, Portland, Daniel W. Ferm, Mary H. Spillane, Williams Kastner & Gibbs PLLC, Seattle, for Respondent.
Debra Leigh Williams Stephens, Bryan Patrick Harnetiaux, Spokane, for Amicus Curiae Washington State Trial Lawyers Assoc. Foundation.
JOHNSON, J.
This case involves a survival action arising out of the wrongful death of a decedent caused by medical negligence. The issue we must resolve is whether damages are available to an estate for a decedent's loss of enjoyment of life (LOEL) under RCW 4.20.046(1) or RCW 4.20.060, Washington's survival statutes. Division One of the Court of Appeals reversed a trial court award of $450,000 for LOEL to the decedent's estate. We affirm the Court of Appeals.

FACTUAL AND PROCEDURAL HISTORY
On July 9, 1999, Yaeko Otani (Ms. Otani) underwent surgery to receive a pacemaker. During the surgery, Dr. David Broudy (Dr. Broudy) punctured Ms. Otani's aorta. Ms. Otani died several hours later without regaining consciousness. Ms. Otani was 81 years old at the time of her death.
The personal representative of Ms. Otani's estate (the estate) brought wrongful death and survival actions against Dr. Broudy in King County Superior Court, claiming Dr. Broudy was negligent in causing Ms. Otani's death when he punctured her aorta. The evidence establishes that if the implantation of the pacemaker had been successful, Ms. Otani would have had a normal life expectancy of an additional 7.9 years.
After a bench trial, findings of fact and conclusions of law, Clerk's Papers (CP) at 150-154, and a judgment on the verdict, CP at 147-149, were entered against Dr. Broudy. In the wrongful death action, the court awarded $125,000 in damages to each of Ms. Otani's two adult children as statutory beneficiaries. In the survival action, the court awarded $496,617.12 in damages to the estate, including $450,000 for LOEL and shortened life expectancy, $3,854.39 for burial expenses, and $42,762.73 for medical expenses. CP at 154.
*194 Dr. Broudy appealed to Division One of the Court of Appeals, seeking reversal of only the $450,000 in noneconomic damages awarded to Ms. Otani's estate in the survival action. CP at 164. The Court of Appeals held that LOEL was not recoverable by a decedent's estate in a survival action as an element of damages to compensate for the decedent's shortened life expectancy, and reversed the $450,000 award to the estate. Otani v. Broudy, 114 Wash.App. 545, 59 P.3d 126 (2002). The court reasoned that Ms. Otani could not bring a claim for LOEL if she had survived the surgery and, therefore, no such claim survived to her personal representatives.
The estate now seeks reversal of the appellate court's ruling. The estate maintains that the appellate court decision conflicts with a decision of this court[1] and also misinterprets Washington's survival statutes.
The principal issue in this case involves a question of statutory interpretation which is subject to de novo review. Specifically, we must determine whether an estate can recover LOEL damages for a decedent's wrongful death under Washington's survival statutes.

ANALYSIS
As amended by Laws of 1993, ch. 44, § 1, RCW 4.20.046(1) provides that:
All causes of action by a person or persons against another person or persons shall survive to the personal representatives of the former and against the personal representatives of the latter ... PROVIDED, HOWEVER, That the personal representative shall only be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased on behalf of those beneficiaries enumerated in RCW 4.20.020, and such damages are recoverable regardless of whether or not the death was occasioned by the injury that is the basis for the action.
RCW 4.20.060 states that:
No action for a personal injury to any person occasioning death shall abate, nor shall such right of action determine, by reason of such death, if such person has a surviving spouse or child living, including stepchildren, or leaving no surviving spouse or such children, if there is dependent upon the deceased for support and resident within the United States at the time of decedent's death, parents, sisters or brothers; but such action may be prosecuted, or commenced and prosecuted, by the executor or administrator of the deceased, in favor of such surviving spouse, or in favor of the surviving spouse and such children, or if no surviving spouse, in favor of such child or children, or if no surviving spouse or such child or children, then in favor of the decedent's parents, sisters or brothers who may be dependent upon such person for support, and resident in the United States at the time of decedent's death.
When tortious conduct causes injury or death, three different causes of action may arise. For example, a personal injury claim may be brought by victims for their own damages. Additionally, Washington tort law recognizes two causes of action where a defendant's negligence causes the death of another. Death claims in Washington may be brought pursuant to the wrongful death statutes, RCW 4.20.010 and RCW 4.20.020, and the survival statutes, RCW 4.20.046 and RCW 4.20.060. As mentioned, the decedent's estate brought wrongful death claims and recovered a judgment on those claims. In this case we are asked to review the availability of damages under the survival statutes.

I. OVERVIEW
When a person's death is caused by the negligent act of another person, Washington's survival statutes preserve causes of action that the decedent could have brought had he or she survived. The purpose of awarding damages under the survival statutes is to remedy the common law anomaly which allowed tort victims to sue if they survived but barred their claims if they died.
*195 Unlike Washington's wrongful death statutes, the survival statutes do not create new causes of action for statutorily named beneficiaries but instead preserve causes of action for injuries suffered prior to death. Washington's wrongful death statutes, RCW 4.20.010 and RCW 4.20.020,[2] create causes of action for specific surviving beneficiaries of the deceased. This means that wrongful death claims begin at the death of the decedent for the benefit of the persons named in the statute. Thus, wrongful death and survival actions can be distinguished in that the wrongful death statutes govern postdeath damages of the deceased and the survival statutes govern predeath damages.

II. WASHINGTON'S SURVIVAL STATUTES: RCW 4.20.046(1) AND RCW 4.20.060
The general survival statute, RCW 4.20.046(1), preserves all causes of action that a decedent could have brought if he or she had survived.[3] Alternatively, the special survival statute, RCW 4.20.060, is limited to personal injury causes of action that result in death. Specifically, recovery under the general survival statute is for the benefit of, and passes through, the decedent's estate, whereas recovery under the special survival statute is for the benefit of, and is distributed directly to, the statutory beneficiaries.
Here, we are reviewing the availability of damages under Washington's survival statutes. Therefore, this case is one of statutory interpretation. The parties focus their arguments on Washington's general survival statute, as amended in 1993, and Washington's special survival statute to determine whether these statutes allow postdeath damages for LOEL. To reach this determination, we must first examine the legislative history behind the amendment to the general survival statute.
A. Washington's General Survival StatuteRCW 4.20.046(1)
Before 1993, RCW 4.20.046(1) provided that:
All causes of action by a person or persons against another person or persons shall survive to [his or her] personal representatives... Provided, however, That no personal representative shall be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased.
Laws of 1961, ch. 137, § 1.
The statute expressly provided that no recovery was allowed for damages suffered by a decedent after tortious conduct but before death occurred. In other words, if a person survived a tortious act for a period of time but later died, any recovery for pain and suffering actually experienced by the decedent was not permitted.
Before the 1993 revisions, we considered the issue of whether damages for LOEL were recoverable under RCW 4.20.046(1) in Wooldridge v. Woolett, 96 Wash.2d 659, 666, 638 P.2d 566 (1981), and we held that they were not. In Wooldridge, the administrator of a decedent's estate brought a survival action under the pre-1993 general survival statute, claiming shortened life expectancy as a recoverable item of damages. Wooldridge, 96 Wash.2d at 660-62, 638 P.2d 566. We equated the term "shortened life expectancy" with the impaired ability to enjoy the pleasures of life which a person otherwise would have enjoyed, Wooldridge, 96 Wash.2d at 664, 638 P.2d 566, but held that damages in a survival action do not include LOEL. We reasoned that "[t]he loss of life's amenities should be recoverable only by plaintiffs who survive compensable injuries, since such lost pleasures are personal to that individual and essentially represent pain and suffering." Wooldridge, 96 Wash.2d at 666, 638 P.2d 566. We further reasoned that shortened life expectancy is relevant "only to *196 the extent it affects the loss of value of a decedent's future earning capacity." Wooldridge, 96 Wash.2d at 667, 638 P.2d 566.
The issue then becomes whether the 1993 revisions changed this rule. The revisions rewrote a proviso of the statute to allow the recovery of "damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased" if certain specified statutory beneficiaries existed. (emphasis added).
The estate argues that the 1993 amendment to Washington's general survival statute expanded the availability of damages and now permits recovery for LOEL. The estate claims that Ms. Otani's shortened life expectancy caused her to lose "the qualitative enjoyment and satisfaction of life" for which she is entitled to recover damages under RCW 4.20.046(1). Essentially, the estate contends that the "bars to recovering damages for a decedent's shortened life expectancy no longer exist" under RCW 4.20.046 because the statutory limitation for pain and suffering was removed in 1993. We disagree.
Prior to the 1993 amendment, RCW 4.20.046(1) provided that a personal representative shall not recover damages for predeath pain and suffering actually experienced by a decedent. Since the 1993 amendment, however, the statute now allows recovery of damages for pain and suffering and other noneconomic damages suffered by a decedent prior to death so long as specified statutory beneficiaries exist. The statute states that "[a] personal representative shall only be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased on behalf of those beneficiaries enumerated in RCW 4.20.020...." (Emphasis added.) Before the amendment, no statutory claim could be brought by an estate for any pain and suffering experienced by a decedent. After the revisions, a claim for pain and suffering "personal to and suffered by" a decedent became recoverable by an estate. Under these revisions, however, a decedent still has to experience suffering before a claim is allowed.
In analyzing the 1993 amendment to the general survival statute, the Court of Appeals reached the same conclusion in Tait v. Wahl, 97 Wash.App. 765, 773, 987 P.2d 127 (1999), review denied, 140 Wash.2d 1015, 5 P.3d 9 (2000). In Tait, a decedent's niece sued the owner and driver of a delivery truck that struck and killed the decedent, on behalf of herself, her children, the decedent's nondependent brother, and the decedent's estate. The niece sought damages for the decedents pain and suffering, medical expenses, impairment of income and earning capacity, loss of enjoyment of life, and loss of consortium.
The Court of Appeals held, among other things, that an estate could recover damages for lost net accumulations of a decedent under the amended general survival statute but could not recover damages for LOEL under RCW 4.20.046(1) because LOEL is not an asset that can accrue for the benefit of an estate. The court explained that "the 1993 amendment was intended to close the gap between [the statutes]," so that even if a decedent's pain and suffering were caused by an injury unrelated to the decedent's death, it would be a recoverable item of damages under the general survival statute for the benefit of the statutory beneficiaries. Tait, 97 Wash.App. at 773 n. 3, 987 P.2d 127.
The estate also argues that we recognized LOEL as a separate element of damages in Kirk v. Washington State University, 109 Wash.2d 448, 746 P.2d 285 (1987), and that this cause of action should survive. In Kirk, we held that damages for LOEL were recoverable in the context of a personal injury claim. In that case, a cheerleader brought a personal injury action for injuries she suffered during cheerleading practice. The trial court had instructed the jury to consider LOEL as distinct from damages for pain and suffering, as well as from disability and disfigurement. Kirk, 109 Wash.2d at 459-60, 746 P.2d 285. The defendants in that case relied on Wooldridge for the assertion that this loss was already included in pain and suffering, creating an improper double recovery. The plaintiff recovered an award for LOEL.
*197 In affirming that award, we held that LOEL was not the same as pain and suffering and that a LOEL award in a personal injury action is allowed as a separate element of damages. Kirk, 109 Wash.2d at 461, 746 P.2d 285. We reasoned that damages for pain and suffering and disability compensate only for the discomfort caused by an injury and the inability to lead a normal life but do not include the noneconomic rewards of specific skills as a separate element of damages. Kirk, 109 Wash.2d at 460-61, 746 P.2d 285.
Contrary to the estate's assertion, Kirk did not overrule our holding or reasoning in Wooldridge. Rather, Kirk specifically distinguished Wooldridge as a survival action instead of a personal injury action. Relying on prior court rulings, we stated that "Wooldridge does not support a conclusion that an instruction regarding enjoyment of life would be barred in a personal injury action not governed by the [general] survival statute." Kirk, 109 Wash.2d at 461, 746 P.2d 285. Kirk further held that pain and suffering is a separate element of damages from LOEL. Thus, even a generous reading of Kirk does not support the conclusion that the outcome in Wooldridge was erroneous or that a decedent's estate should be allowed to recover postdeath damages for LOEL under Washington's general survival statute.
Kirk noted the distinction that recovery for pain and suffering compensates a victim for only physical and mental discomfort caused by an injury, whereas recovery for LOEL compensates a victim for the inability to lead a normal life. Kirk, 109 Wash.2d at 461, 746 P.2d 285. In Kirk, the plaintiff was allowed to recover damages for LOEL because she consciously experienced discomfort from her injury and was unable to lead a normal life.
Unlike Kirk, however, the estate in this case is not seeking damages for any conscious loss Ms. Otani may have experienced from her injury prior to death, nor does the evidence illustrate that Ms. Otani consciously experienced discomfort from her injury. Furthermore, Ms. Otani was not deprived of leading a normal life, but deprived of life itself. Accordingly, the statute does not permit a decedent's estate to recover damages for a decedent's loss of life' but for the decedent's LOEL which must be experienced prior to death. As mentioned, the statute preserves causes of action that a decedent could have maintained had he or she survived.
Loss of enjoyment of life is not a claim Ms. Otani could have brought had she survived because it is not a loss she experienced during life. Thus, the cause of action was not preserved for her estate. See, e.g., Federated Servs.Ins. Co. v. Pers. Representative of Estate of Norberg, 101 Wash.App. 119, 125-27, 4 P.3d 844 (2000), review denied, 142 Wash.2d 1025, 21 P.3d 1150 (2001) (concluding that an estate could not recover for a decedent's loss of future inheritance because it was not a claim for which the decedent could have recovered if he survived).
Additionally, the legislative history behind the 1993 amendment does not support the argument that the legislature intended to expand causes of action under the general survival statute to include postdeath damages for LOEL, nor does the legislative history indicate that damages for LOEL are available to a decedent who never experiences a conscious awareness of his or her loss. The legislature revised the language of the statute to allow recovery for the pain and suffering experienced by a decedent prior to death, whereas such damages were specifically excluded under the provisions of the prior statute. The amended statute still requires that a plaintiff consciously experience suffering in order to permit recovery.
The estate argues that whether she was conscious of her loss or not, Ms. Otani still suffered the loss of enjoying 7.9 years of her life, and that "to hold otherwise would be analogous to saying that a person who lies comatose for six months ... has suffered no compensable noneconomic loss because that person is not cognizant of any loss." Resp't's Brief at 3. However, as the Court of Appeals correctly noted, the estate is not seeking an award for any loss experienced by Ms. Otani in the few hours between her injury and her death. The estate is seeking damages for Ms. Otani's LOEL arising out of her death. The express language of the statute permits an estate to recover damages only for a *198 decedent's conscious suffering prior to death and not for the decedent's death itself.
B. Washington's Special Survival StatuteRCW 4.20.060
During oral argument, the estate contended that it was entitled to damages under the special survival statute in addition to the general survival statute. Under RCW 4.20.060, "[n]o action for a personal injury to any person occasioning death shall abate ... by reason of such death, if such person has a surviving spouse or child living." Thus, the estate's cause of action did not abate for purposes of this statute.
Unlike the general survival statute, the special survival statute relates to personal injury actions. Under RCW 4.20.060, a personal representative of a decedent has the authority to bring a cause of action for a decedent's personal injuries, and then only if the injuries were the cause of death. Like the general survival statute, however, the special survival statute does not create new causes of action but preserves personal injury actions that a decedent could have brought had he or she survived.
In this case, Ms. Otani could have brought a personal injury action for her punctured aorta had she survived the surgery. Since Ms. Otani did not survive, this cause of action was preserved for the benefit of her statutorily named beneficiaries under RCW 4.20.060. The estate would be allowed to recover under this statute if it could show that Ms. Otani experienced pain and suffering, anxiety, emotional distress, or humiliation arising out of her injury prior to death. To support an award of pain and suffering, both survival statutes require that actual suffering be experienced. Since the estate does not contend that Ms. Otani suffered a conscious loss from the time of her injury until death,[4] but seeks recovery for Ms. Otani's LOEL that arose out of her death, no damages are available to the estate under RCW 4.20.060.
Finally, the estate asserts the policy argument that it is somehow cheaper for a tortfeasor to kill a plaintiff than to harm a plaintiff. Washington's wrongful death statutes are in place to prevent this result. Under these statutes, a wrongful death action may be brought by the personal representative of a decedent's estate on behalf of specified statutory beneficiaries for the losses sustained by them as a result of a decedent's death. Simply put, the wrongful death statutes govern post-death damages to specifically named beneficiaries for their own damages which arise from death. Alternatively, the survival statutes govern predeath damages and preserve claims for a decedent's personal representatives that the decedent could have maintained if he or she had not died. Although Washington's wrongful death and survival statutes benefit different parties, they provide recoverable damages for the death or injury of another, depending on the circumstances. Thus, it is not cheaper for a defendant to kill, instead of injure, another person in Washington.

III. CONCLUSION
We hold that postdeath damages for LOEL are not recoverable by a decedent's estate under Washington's survival statutes. No language in the 1993 amendment allows the recovery of damages for any LOEL or shortened life expectancy that a decedent did not suffer during life. The decision of the Court of Appeals is affirmed.
ALEXANDER C.J., MADSEN, BRIDGE, OWENS, and FAIRHURST, JJ., concur.
SANDERS, J. (dissenting).
I cannot agree with the majority's conclusion that loss of enjoyment of life due to the wrongful shortening of a person's life expectancy is not a separate and compensable element of damages in a survival action. The majority's view fails to recognize that life itself has value and a person whose life is shortened by the wrongful conduct of another has suffered a grievous and compensable loss.
The only question presented in this appeal is whether under Washington's survival statutes, *199 RCW 4.20.046[1] and RCW 4.20.060,[2] the trial court properly awarded Yaeko Otani's estate $450,000 in damages against Dr. David Broudy to compensate for Otani's "[l]oss of enjoyment of life which includes shortened life expectancy." Clerk's Papers at 154. As the majority correctly recognizes the purpose of Washington's survival statutes is to preserve all causes of action the decedent could have maintained had he or she lived. See majority at 195; see also White v. Johns-Manville Corp., 103 Wash.2d 344, 357, 693 P.2d 687 (1985); Cavazos v. Franklin, 73 Wash.App. 116, 119, 867 P.2d 674 (1994). Thus more precisely stated the issue here is whether a person whose life has been wrongfully shortened by the conduct of another may recover damages for loss of enjoyment of life due to a shortened life expectancy.
The majority relies on two cases from this court, Wooldridge v. Woolett, 96 Wash.2d 659, 663, 638 P.2d 566 (1981) and Kirk v. Washington State University, 109 Wash.2d 448, 461, 746 P.2d 285 (1987) to support its conclusion that damages for loss of enjoyment of life due to a shortened life expectancy are not recoverable under Washington's survival statutes. See majority at 196, 197. I disagree.
Wooldridge is inapposite because, as the majority correctly points out, there we interpreted a former version of RCW 4.20.046 which contained a proviso expressly prohibiting a personal representative from recovering damages for, among other things, the decedent's pain and suffering. Majority at 195-96; Wooldridge, 96 Wash.2d at 662, 638 P.2d 566. We equated "shortened life expectancy" with "the impairment of an ability to enjoy the pleasures of life" and reasoned that "[d]amages for loss of life's amenities should not be recoverable in a survival action ... because such damages are a back-door method of obtaining compensation for pain and suffering." Id. at 664-66, 638 P.2d 566. The subsequent amendment to RCW 4.20.046, however, removed the very language upon which that decision rested.[3]
The majority's reliance on Kirk is equally unpersuasive. See majority at 197. Kirk was a personal injury action instituted by a plaintiff who suffered permanent injuries but whose life had not been wrongfully shortened. Therefore Kirk is unhelpful here because the plaintiff did not seek recovery for loss of enjoyment of life due to a shortened life expectancy as an independent element of damages.
No Washington court has decided whether loss of enjoyment of life due to a shortened life expectancy is a separate and compensable *200 element of damages in a survival action under RCW 4.20.046, as revised by the legislature in 1993, and/or RCW 4.20.060. In addition no Washington court has decided whether such damages are available in a personal injury action. As such, although the majority fails to acknowledge it, the issue presented here is one of first impression.
Some courts do not recognize shortened life expectancy as a separate and distinct element of damages recoverable by a plaintiff in a personal injury action. See, e.g., Downie v. U.S. Lines Co., 359 F.2d 344, 347-48 (3d Cir.1966) (rejecting claim that shortening of life expectancy is per se compensable element of damages); Paladino v. Campos, 145 N.J.Super. 555, 368 A.2d 429 (Law Div.1976) (same); 22 AM.JUR.2D Damages § 235 (2003). However this view is not unanimous and many jurisdictions have recently begun to recognize that in a personal injury action the shortening of a person's life expectancy is a cognizable injury. See, e.g., McNeill v. United States, 519 F.Supp. 283, 289 (D.S.C.1981) (predicting under South Carolina law "[t]he deprivation of a normal life expectancy is a necessary and proper element of damages"); United States v. Anderson, 669 A.2d 73, 78 (Del.1995) (permitting recovery for shortened life expectancy due to increased risk of death from testicular cancer); Swain v. Curry, 595 So.2d 168, 172-73 (Fla.Dist.Ct.App.1992) (permitting recovery for decreased chance of survival and reduction of life expectancy due to physician's alleged failure to timely diagnose breast cancer); Alexander v. Scheid, 726 N.E.2d 272, 281 (Ind.2000) (recognizing decrease in life expectancy itself as compensable injury where physician failed to diagnose cancer); Knopfer v. La. Patient's Comp. Fund, 88-CA-0290 (La.App. 4 Cir. 5/12/88), 527 So.2d 326, 329 (reduction in plaintiff's life expectancy due to misdiagnosis of moles as benign justified jury award of $500,000); Morrison v. Stallworth, 73 N.C.App. 196, 326 S.E.2d 387, 393 (1985) (holding "shortened life expectancy is a compensable element of damage"); Davison v. Rini, 115 Ohio App.3d 688, 686 N.E.2d 278, 283-84 (1996) (holding that "a shortened life expectancy is a cognizable injury"); see also Kevin G. Burke, A New Remedy For a Life Cut Short, 40 TRIAL 64, 65 (March 2004).
Those cases recognize shortened life expectancy as an independent element of damages in a personal injury action entitling a plaintiff to compensation for the years of expected life lost due to a defendant's wrongful conduct. For example in Alexander a physician failed to follow up on a chest x-ray showing a nodule in the plaintiff's lung. Alexander, 726 N.E.2d at 273-74. A subsequent physician discovered the nodule and diagnosed it as lung cancer. Id. at 274. Following aggressive treatment the cancer went into remission. Id.
The plaintiff brought a medical malpractice action against the first physician and his medical group alleging, among other things, that the physician's failure to follow up on the x-ray resulted in an increased risk that the cancer would return and be fatal. Id. The trial court granted the defendants' motion for summary judgment reasoning that in light of the cancer's remission the plaintiff had suffered no compensable injury. Id. at 275. On appeal the Indiana Supreme Court disagreed. Id. at 281. The court found the plaintiff had shown sufficient evidence that the defendants' negligence significantly decreased the plaintiff's chance for long-term survival and held her decreased life expectancy was by itself a compensable injury. Id. at 281.
It is worth noting that a shortened life expectancy claim is as an independent element of damages in a personal injury action, and is not premised on the plaintiff's agonizing about or awareness of his or her shortened life, although such agonizing may of course give rise to a separate damage award for pain and suffering. See, e.g., Morrison, 326 S.E.2d at 393; Alexander, 726 N.E.2d at 281. As such none of the cases recognizing shortened life expectancy as an independent element of damages require plaintiff's conscious awareness of the loss as a prerequisite to recovery.
I find the reasoning of Alexander and the other cases cited above recognizing shortened life expectancy as an independent element of damages in a personal injury action most persuasive. It is logical to recognize, as those courts do, that life itself has value *201 and a defendant should be required to pay damages for wrongful conduct that reduces a person's life expectancy. To be sure, what is more valuable than life itself? I see no reason why that same logic should not apply here in a survival action under Washington's survival statutes, which preserve all causes of action the decedent could have maintained if he or she had lived. RCW 4.20.046(1) ("All causes of action ... shall survive"); RCW 4.20.060 ("No action for a personal injury to any person occasioning death shall abate"); White, 103 Wash.2d at 358, 693 P.2d 687.
An example best illustrates the point. Say a 30-year-old woman goes to a physician complaining of a severe headache, which is the result of an early-stage brain tumor. With proper treatment her normal life expectancy would be an additional 40 years, meaning she would live until she was 70. But the physician's treatment falls below the standard of care and consequently she will live only two more years. Thus as a result of the physician's negligence the woman's life expectancy was reduced by 38 years. If she survived long enough to make it to trial in a jurisdiction recognizing shortened life expectancy as an independent element of damages in a personal injury action, she would be entitled to damages to compensate her for the 38 years of life she will no longer be able to live.
I therefore posit under our survival statutes if that same woman were unable to make it to court within two years following her injury and consequently died before trial, she would be equally entitled to the same damages for shortened life expectancy. This is most certainly true in Washington where a person's death does not extinguish any cause of action the person could have maintained if he or she had lived. See RCW 4.20.046(1); RCW 4.20.060; White, 103 Wash.2d at 358, 693 P.2d 687. The bottom line is that the woman in this example was robbed of 38 years of her life due to the physician's wrongful conduct. Under our survival statutes whether she lives until trial or not is irrelevant to whether she can recover damages for her lost years of life, or shortened life expectancy.
I disagree with the majority that Washington's survival statutes govern only "predeath" damages, majority at 195, and therefore do not permit damages for a decedent's loss of life, majority at 197-98. This court has held that an award for funeral expenses may be made to a decedent's estate in a survival action even though the funeral expenses, of course, did not arise until after the decedent's death. See Warner v. McCaughan, 77 Wash.2d 178, 181, 460 P.2d 272 (1969). Additionally we have repeatedly held that damages recoverable under RCW 4.20.046, where the defendant's tortious conduct causes the decedent's death, include an amount for the loss of the decedent's future earnings. See Criscuola v. Andrews, 82 Wash.2d 68, 70-71, 507 P.2d 149 (1973); Balmer v. Dilley, 81 Wash.2d 367, 370-71, 502 P.2d 456 (1972); Hinzman v. Palmanteer, 81 Wash.2d 327, 330-32, 501 P.2d 1228 (1972); Warner, 77 Wash.2d at 182-84, 460 P.2d 272; accord Zimny v. Lovric, 59 Wash.App. 737, 744, 801 P.2d 259 (1990) (holding damages for diminished earning capacity in survival action under RCW 4.20.046, where injured person dies from causes unrelated to injury litigated, end at death). Thus damages under Washington's survival statutes do not stop at death nor preclude a damage award for loss of enjoyment of life due to a shortened life expectancy.
This trial court correctly awarded Otani's estate $450,000 against Dr. Broudy to compensate for Otani's loss of enjoyment of life due to her shortened life expectancy. Because I cannot fault the logic of recognizing shortened life expectancy as a separate and cognizable element of damages in a personal injury action, and thereby in a survival action, I would affirm the trial court's award.
CHAMBERS and IRELAND, JJ., concur.
NOTES
[1] Kirk v. Wash. State Univ., 109 Wash.2d 448, 746 P.2d 285 (1987).
[2] RCW 4.20.010 creates a cause of action that is brought by a personal representative of a decedent where their death is caused by the wrongful act of another, and RCW 4.20.020 designates the beneficiaries of a decedent in a wrongful death action.
[3] The damages recovered under this statute include the assets of the decedent's estate, Warner v. McCaughan, 77 Wash.2d 178, 460 P.2d 272 (1969), as well as recovery of a decedent's hospital and medical expenses. Orcutt v. Spokane County, 58 Wash.2d 846, 364 P.2d 1102 (1961).
[4] Even if the estate were to assert such a loss, we held in Kirk, 109 Wash.2d at 460, 746 P.2d 285, that LOEL is an element of damages separate from pain and suffering.
[1] RCW 4.20.046(1) provides in relevant part:

All causes of action by a person or persons against another person or persons shall survive to the personal representatives of the former and against the personal representatives of the latter, whether such actions arise on contract or otherwise, and whether or not such actions would have survived at the common law or prior to the date of enactment of this section: PROVIDED, HOWEVER, That the personal representative shall only be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased on behalf of those beneficiaries enumerated in RCW 4.20.020, and such damages are recoverable regardless of whether or not the death was occasioned by the injury that is the basis for the action.
[2] RCW 4.20.060 provides:

No action for a personal injury to any person occasioning death shall abate, nor shall such right of action determine, by reason of such death, if such person has a surviving spouse or child living, including stepchildren, or leaving no surviving spouse or such children, if there is dependent upon the deceased for support and resident within the United States at the time of decedents death, parents, sisters or brothers; but such action may be prosecuted, or commenced and prosecuted, by the executor or administrator of the deceased, in favor of such surviving spouse, or in favor of the surviving spouse and such children, or if no surviving spouse, in favor of such child or children, or if no surviving spouse or such child or children, then in favor of the decedents parents, sisters or brothers who may be dependent upon such person for support, and resident in the United States at the time of decedents death.
[3] For the same reasons the majority's reliance on Tait v. Wahl, 97 Wash.App. 765, 987 P.2d 127 (1999) is misplaced. See majority at 196. The majority incorrectly suggests the decision in Tait was based on the 1993 amendment to RCW 4.20.046. Id. In footnote 3 of the Tait opinion, however, the court states that "[d]uring oral argument for this appeal, Tait clarified that she is not claiming that the 1993 amendment applies to this case." 97 Wash.App. at 773 n. 3, 987 P.2d 127.